SAMP ALBRITTON, *Plaintiff in Error*, v. THE STATE OF FLOR-
IDA, *Defendant in Error*.

## Opinion Filed June 20, 1921.

The provision of Chapter 7736, Acts of 1918, "that it shall be
unlawful for any person to become or be drunk or intoxi-
cated," is not matter germane to or properly connected with
the subject expressed in the title of the Act, which is to
make effective amended Article XIX of the State Constitu-
tion, prohibiting the manufacture, sale, barter or exchange
of intoxicating liquors. Voluntary intoxication does not vio-
late the prohibitions of the traffic in intoxicating liquors.
Section 3549 Gen. Stats. provided punishment for drunken-
ness. Section 8, Chap. 7736, Acts of 1918, was re-enacted as
Section 5472 Rev. Gen. Stats. effective February 6, 1921.

A Writ of Error to the Circuit Court for DeSoto
County; George W. Whitehurst, Judge.

Reversed.

*W. D. Bell*, for Plaintiff in Error;

*Rivers H. Buford*, Attorney General, and *J. B. Gaines*,
Assistant, for the State.

PER CURIAM.—This writ of error was taken to a judg-
ment and sentence to the State Penitentiary upon convic-
tion on a charge of second offense in voluntarily becoming
drunk and intoxicated, on November 24, 1920.

The statutory provision on which the conviction is predi-
cated is Section 8, Chapter 7736 Acts of 1918, which is as
follows: "Sec. 8. That it shall be unlawful for any per-
son to become or be drunk or intoxicated." Section 18
provides for increased punishment for second offenses.

The title of Chapter 7736 is: ''An Act to Make Effective the Nineteenth Article of the Constitution of this State, as Amended at the General Election Held November Fifth, Nineteen Hundred and Eighteen, and to Prohibit the Manufacture, Sale, Barter or Exchange, the Transportation Into This State, or From One Point to Another Point Within the State, and the Possession of Alcoholic or Other Intoxicating Liquors or Beverages,'' together with other matters more or less connected with the subject of the Act, *viz*: to prohibit the manufacture, sale, barter, exchange, transportation and unlawful possession of intoxicating liquors. Among other matters stated in the title is ''to prohibit drunkenness.''

The subject of the statute is the enforcement of the organic provisions against the manufacture of and the traffic in intoxicating liquors. Voluntary intoxication does not violate the prohibition of the traffic in intoxicating liquors, and the provision of Chapter 7736 making it unlawful to become drunk or intoxicated is not matter properly connected with the subject of the Act; and its inclusion in the body of the Act violates Section 16, Art. III of the State Constitution. The fact that the matter is referred to in the title does not cure the illegality of its inclusion in the body of the Act. As it is clear the purpose of the statute is to enforce the organic prohibition of the traffic in intoxicating liquors, the inclusion of the non-germane matter in the title and in the body of the Act does not invalidate the entire Act. Section 22 of the Act expressly provides: ''That, if for any reason, any section or provision of this Act shall be adjudged unconstitutional, or otherwise inoperative, such fact shall not be held to affect any other section or provision in this Act contained, but the same shall remain in full force and effect as if the section or provision

adjudged unconstitutional or inoperative had not originally been incorporated in this Act.''

The proceedings and sentence herein were not under Section 3549 General Statutes, 1906. Sec. 8, Chapter 7736 was re-enacted as Section 5472 Rev. Gen. Stats., effective February 6, 1921.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

WEST, J. J., dissents.

WEST, J., Dissenting.—It has been my understanding all along that the object of all legislation, federal and state, whether by constitutional provision or statutory enactment, intended to prohibit or regulate the production, sale, exchange and transportation of intoxicating liquor is to restrict its consumption by the individual members of society, on the theory that its effect upon the user is deleterious. By the consensus of opinion its use is not only injurious to the health of the user but is productive of crime and immorality. There is nothing inherently vicious in the manufacture or sale of intoxicating liquor. The use or consumption by the individual is the evil aimed at and intended to be remedied by the legislation on the subject, and to accomplish this object its manufacture, sale or exchange is prohibited. If it was not for the injurious results flowing from such use there would be no ground for the legislation forbidding its manufacture and sale. Such legislation is an exertion of the police power, designed to promote the public health, public peace, public morals and general wel-

fare of the State. The use or consumption of intoxicating liquor produces drunkenness and intoxication which are made a crime by the statute.

By the opinion in this case the Court says in effect that drunkenness and intoxication, which are the natural incidents and inevitable results of the use and consumption of intoxicating liquor, are so remote from the subject of legislation intended to restrict such use and consumption as not to be at all germane to such subject, and that the provisions of the statute making drunkenness and intoxication a crime, although expressly referred to in the title, are without any effect whatever. My view is not in accord with that opinion. To my mind drunkenness and intoxication are so intimately related to the use and consumption of intoxicating liquor as to render them inseparable, the former being the natural and necessary product of the latter.