D. A. FRAZIER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed March 10, 1924.

This case was decided by Division A.

1. Section 8 of Chapter 7736, Acts of 1918, providing "That it shall be unlawful for any person to become or be drunk or intoxicated," and so much of Section 18 of the same chapter as provides punishment for violatiing Section 8 are void.

2. The Circuit Court has no jurisdiction of the offence denounced by Section 3549 of the General Statutes providing punishment for whoever shall be guilty of drunkenness by the voluntary use of intoxicating liquors.

A Writ of Error to the Circuit Court for Walton County; A. G. Campbell, Judge.

Judgment reversed.

*Kehoe & Adams,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

ELLIS, J.—The plaintiff in Error was indicted in January, 1921, for becoming "drunk by the voluntary use of

intoxicating liquor'' after having been convicted once before of being drunk. The offense was alleged to have been committed on January 12, 1921. The indictment was filed three days later. The accused was tried upon a plea of not guilty and a verdict was rendered against him. Sentence was suspended by the court upon condition that the accused remained ''strictly sober'' and at each term of the court should produce a written statement from six of the neighbors of the accused and the sheriff that the accused had been sober and if he should be found drunk at any time he was to be brought before the court and sentence should be imposed upon him.

The case remained upon the trial docket and was called each term thereafter and the accused was ''permitted to go under the former order of the court,'' until September 18, 1923, when the court sentenced the accused to hard labor in the State prison for a period of fifteen months.

On June 20, 1921, this Court in the case of Albritton v. State, 82 Fla. 20, 89 South. Rep. 360, held that Section 8 and so much of Section 18 of Chapter 7736, Acts of 1918, as provided punishment for violating Section 8, under which the indictment in the case at bar was framed and the accused tried and convicted were void because the subject matter of the sections was not germaine to, nor properly connected with, the subject expressed in the title of the Act.

The Revised General Statutes went into effect February 6, 1921. Section 5472 of which provides that it shall be ''unlawful for any person to become or be drunk or intoxicated'' and Section 5486 provides for the imposition of a penalty for a second offense of not exceeding three thousand dollars or imprisonment in the State prison not exceeding three years, or by both such fine and imprisonment. But the accused in this case committed the offense

of drunkness, as alleged, on the 12th day of January, 1921, before the Revised General Statutes went into effect.

The only valid provision of the law against drunkenness, whether as a first or second offense, on the date upon which the accused was alleged to have committed it was contained in Section 3549, General Statutes, which is as follows: "Punishment.—Whoever is guilty of drunkenness by the voluntary use of intoxicating liquors shall for the first offense be punished by fine not exceeding five dollars, and for any like offense committed after the first conviction by fine not exceeding ten dollars, or by imprisonment not exceeding three months; but no prosecution shall be commenced after six months from the commission of the offense."

The Circuit Court therefore had no jurisdiction of the offense with which the accused was charged. See Sections 17-22, Art. V., Constitution; Sections 3842-3898-3903, General Statutes.

It follows that the trial, verdict, judgment and sentence in this case were void. So the judgment is reversed.

TAYLOR, C. J., and BROWNE, J., concur.

WHITFIELD, P. J., and WEST and TERRELL, J. J., concur in the opinion.