Gainey v. State.—Opinion of Court.

---

Ex Parte Isaac Gainey, Plaintiff in Error, vs. The State of Florida, Defendant in Error.

HABEAS CORPUS—BAIL IN HOMICIDE.

Section 9 of the declaration of rights in the Florida constitution of 1885, provides that "all persons shall be bailable by sufficient sureties, except for capital offenses, where the proof is evident or the presumption great." Where in a proceeding by *habeas corpus* brought by a party charged with murder in the first degree to test his right to bail, it appears from the evidence that there is only a *"probability"* of the guilt of the accused, he is entitled to bail.

Writ of Error to the Circuit Court for Baker County.

The facts in the case are stated in the opinion of the court.

*Geo. U. Walker, L. E. Wade and B. D. Hires,* for Plaintiff in Error.

*The Attorney General*, for Defendant in Error.

PER CURIAM.:

The plaintiff in error, being in custody under an indictment found by the grand jury of Baker county, charging him with murder in the first degree, sued out a writ of habeas corpus from the Circuit Court for the purpose of testing his right to bail. After hearing the evidence for the State and for the defence the Circuit Judge entered the following judgment: "Be it remembered that on this 11th day of May, A. D. 1900, in obedience to the writ of habeas corpus heretofore allowed by me as judge of said Circuit Court in this behalf, U. C. Herndon, sheriff, to whom said writ was directed, appeared before me at the court house in Jacksonville, Duval county, Florida, having with him the body of the said Isaac Gainey, together with the said writ and his return as such sheriff thereon. And thereupon the allegations and proofs of said Isaac Gainey, defendant, and the said State of Florida, plaintiff in said above mentioned cause, wherein said Isaac Gainey is indicted for murder, having been heard and fully understood, and it appearing that said Isaac Gainey, at the time of the issuance of said writ, was lawfully detained by said U. C. Herndon as sheriff of said county of Baker, by process in due form issued under said indictment in said Circuit Court, charging said Isaac Gainey with the murder of one Jeff Knabb; and it further appearing that said defendant is not entitled to bail and ought not to be discharged, but ought to be remanded to the custody of said sheriff and to the jail of said county of Baker, for the reason that in my opinion he is probably

guilty of said charge of said murder, it is therefore considered and ordered by the court that the said Isaac Gainey be remanded to the custody of said U. C. Herndon, sheriff of said county of Baker, to be held and detained by him in the jail of said county until further order of said court." To this judgment the said Gainey sues out writ of error to this court.

We conclude from the recitations of the Circuit Judge in the judgment entered that the proofs submitted established only a *"probability"* of the guilt of the accused. Conceding to this finding the weight due it from this court, we see nothing in the record that would justify us in adjudging it to be erroneous. Section 9 of the Declaration of Rights in our constitution provides that: "All persons shall be bailable by sufficient sureties, except for capital offences, where the proof is evident or the presumption great." Where the proofs in such a case go no further than to establish a *"probability"* of guilt, they are not sufficient either to sustain a verdict of conviction, or to call for a denial of bail.

The judgment of the court below is reversed with directions to admit the plaintiff in error to bail in such sum as may be prescribed by the Circuit Judge.