THE STATE OF FLORIDA *ex rel.* JESSE COHEN, *Petitioner*, v. L. G. WINGATE, SHERIFF OF MANATEE COUNTY, FLORIDA, *Respondent*.

Opinion Filed January 10, 1923.

1. Where a person is tried at one term of the Circuit Court and a mistrial results, and the defendant is remanded to jail and afterwards escapes, and is subsequently arrested, and at the next term, he is present in court, ready and demanding a trial, and the State Attorney puts off the trial from day to day and subsequently offered to permit the defendant to be released on his own recognizance if he will consent to a continuance, and upon his refusal, is told that an application for continuance will be made and the court will be asked to hold the defendant under $1,500.00 bond, and upon the defendant resisting the application for continuance, which is granted by the court, and at the request of the State Attorney, fixes the bond at $3,000.00, a bond in such an amount under the circumstances stated is greatly excessive.

2. Where excessive bail has been required, and the defendant applies to the court to be discharged from custody without bail, on writ of habeas corpus, the petition will be denied.

An application for a writ of habeas corpus.

Writ denied.

*Knowles & Sawyer* and *E. G. Grimes, for Petitioner*.

BROWNE, J.—In a petition for writ of *habeas corpus*, Jesse Cohen alleges that he is wrongfully detained in custody of the sheriff of Manatee County, and prays to be discharged.

A petition for writ of *habeas corpus*, while a writ of right, will not issue where the facts alleged show that the petitioner is not entitled to the relief prayed.

It appears from the petition that the defendant was indicted by the grand jury of Manatee county on a charge of second offense violation of the intoxicating liquor law; that he was tried at the 1921 Fall Term of the Circuit Court and a mistrial resulted; he was remanded to jail and afterwards escaped and was subsequently re-arrested and confined in jail; that at the 1922 Fall Term of the Circuit Court of Manatee County, the petitioner was called on the 17th day of October, 1922, and the State Attorney announced that he would be ready to try the case on Tuesday 24th of October, and the defendant announced that he would also be ready; that the petitioner with his attorneys was in court at the opening thereof, ready, expecting and demanding trial; after waiting two days demanding trial, the State Attorney proposed to petitioner's counsel that the case be continued and he allowed to go on his own recognizance until the next term of court;'' that the attorneys for the petitioner not consenting to this and insisting on a trial at that term, the State Attorney informed the defendant's attorneys that on account of an absent witness he would ask the court to continue the case ''and hold the defendant under a $1,500.00 bond;'' that the petitioner resisted this application and demanded that the State Attorney file his motion for continuance in compliance with the rule controlling such application; that the State Attorney then filed a motion supported by his affidavit in which he alleged that L. A. Hinton was a material witness for the State, and that Hinton was ''temporarily absent'' from the State of Florida and that he knew that Hinton if present would testify that ''he went upon the premises of the defendant at the solicitation and procurement of the said defendant, Jesse Cohen, for the purpose of examining the place where a certain gun was fired at the said Cohen, and that while he, the said L. A. Hinton was on the premises

of the said Jesse Cohen as above stated, he found therein four two quart jars of moonshine.''

The affidavit for continuance in other respects complied with the law.

In opposition to this motion the defendant filed three affidavits setting out that Hinton was residing with his family in the State of North Carolina. Two of the affidavits were signed by the father and mother of the State's witness, who swear that he ''left this county and State in August of 1922; that he took his family with him, and has since made his residence in Southern Pines, N. C., and that his absence from this State is meant to be permanent;'' that he stated to his father and mother that he did not intend to return to this county, and that it is their opinion based upon his statements that he will not be in the county at the March term of the Circuit Court, or any other subsequent term.

The facts stated as to what Hinton would testify to, are insufficient to show any violation of law, and the affidavits of the parents of the absent witness offset the effect of the statement of the State Attorney that he ''believes that it will be able to procure the said witness to testify at the trial of this cause.''

The court granted the continuance, and at the request of the State Attorney, fixed the bond at $3,000.00. This in view of the offense charged and of the offer made by the State Attorney on the preceding afternoon, to let the prisoner go upon his own recognizance if he would consent to a continuance, seems very greatly excessive.

Whatever the petitioner's right in the premises may be, he is not entitled to be discharged from custody without

bail, and as that is the prayer of the petition, it will be denied.

TAYLOR, C. J., AND WHITFIELD, J., concur.

ELLIS AND WEST, J. J., specially concur.

WEST, J., concurring.

I concur in the decision that upon the showing made petitioner is not entitled to be discharged from custody. But it seems to me that the statement in the opinion that "the facts stated as to what Hinton will testify to, are insufficient to show any violation of law," may be misleading.

If that evidence is the whole of the State's case it may not be sufficient to sustain a conviction. But it frequently occurs that different elements of the offense or different circumstances tending to indicate guilt are proved by different witnesses. It infrequently occurs that the crime alleged is proved by one witness. The fact intended to be proved by this witness, namely, that he found upon the premises of the defendant four two-quart jars of moonshine, is material and tends to show guilt of the accused.

ELLIS, J.

I think the petitioner is entitled to his discharge upon the ground that he is being held because of a denial of his constitutional right to a speedy trial. The affidavit for continuance was insufficient in form and substance.