R. L. MOODY, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed February 21, 1924.

This case was decided by Division A.

1. The writ of *habeas corpus* challenges the right of a person to hold another in custody, and it is incumbent upon the party depriving another of his liberty, to show his right to do so.

2. A judgment of guilt based upon a charge of "drunkenness" is a void judgment, there being no such offense described in the statutes.

3. When the judgment is not shown, it must be assumed that the commitment properly states the judgment of conviction and sentence on which it is issued.

4. The statute making "drunkenness by the voluntary use of intoxicating liquors," a crime, having been repealed, leaving only the statute making it a crime "to become drunk or intoxicated," and there being no similar common law 'offense, the commitment reciting that the petitioneer was "tried and convicted of the offense of drunkenness," is not a sufficient 'warrant for the petitioner's detention .in custody, when a valid judgment of conviction is not shown.

A Writ of Error to the Circuit Court for Jackson County; Amos Lewis, Judge.

Judgment reversed.

*J. M. Calhoun,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

Browne, J.—The petitioner, R. L. Moody, applied for and obtained a writ of *habeas corpus,* alleging that he was unlawfully deprived of his liberty by the sheriff of Jackson County, in the common jail, and that the confinement was against his will and consent.

The sheriff in his return, says that he holds the petitioner by virtue of a commitment issued by the County Judge of Jackson County, and tenders with his return, the commitment, which recites that "Robert Moody was upon the 31st day of October, A. D. 1923, tried and convicted of the offense of 'drunkenness.' "

The Circuit Judge remanded the prisoner to the custody of the sheriff.

The commitment is the authority by which the sheriff claims the right to hold the petitioner.

The writ of .*habeas corpus* challenges the right of the

sheriff to hold the petitioner in custody, and it is incumbent upon the sheriff to show his right to do so.

The commitment, which the sheriff exhibits as his authority for depriving the petitioner of his liberty, shows that the petitioner was convicted of "drunkenness" which no statute of Florida prohibits.

Section 5472, Revised General Statutes, 1920, provides "that it shall be unlawful for any person to become or to be drunk or intoxicated."

In Albritton v. State, 82 Fla. 20, 89 South. Rep. 360, it was held that the provision of Chapter 7736 making it unlawful "to become drunk or intoxicated," was not a matter properly connected with the subject of the act, and its inclusion in the body of the act was violative of Section 16 of Article III of the State Constitution and was invalid and void.

It was subsequently re-enacted as Section 5472, Revised General Statutes, and the decision in the Albritton case does not now affect its constitutionality.

The constitutionality of Section 5472, Revised General Statutes, which provides "that it shall be unlawful for any person to become or be drunk or intoxicated," is not challenged in these proceedings upon any other ground than that decided in the Albritton case, and we do not pass upon it.

A judgment of guilt based upon a charge of "drunkenness" is a void judgment, in that there is no such offense described in the statutes. It may be argued the word "drunkenness" is in effect "to become or to be drunk or intoxicated." If that is so, the Legislature had knowledge of it, and described the offense in language of its own choosing, and it is this that the courts must be governed by in considering the prohibited offense.

Section 3549, General Statutes of 1906, provided punish-

ment for the crime of "drunkenness by the voluntary use of intoxicating liquors." This is omitted from the Revised General Statutes of 1920, and in lieu thereof, the legislature enacted Section 5472, Revised General Statutes making it unlawful for any person to become or be drunk or intoxicated," thus indicating the legislative intent to describe and punish a different offense from that of "drunkenness."

Section 15 of Article IV of the Constitution of Florida, provides for the suspension of certain officers by the Governor, for drunkenness or incompetency."

Does one error in an officer's accounts, or being drunk or intoxicated once, constitute "drunkenness or incompetency?" This is not a matter for us to decide, as it relates entirely to executive and legislative action, but the fact that the constitution uses the word "drunkenness," and the legislature uses the expression "to become or be drunk or intoxicated" seems to indicate that the expressions have different meanings, and to charge one under a statute prohibiting the other ,does not describe any offense.

The other assignments of error are not well taken.

For the failure of the sheriff to show lawful right to hold the petittioner in custody and deprive him of his liberty, the judgment remanding him is reversed.

Taylor, C. J., and Ellis, J., concur.

Terrell, J., concurs in the opinion.

West, J., dissents.

WHITFIELD, J., concurring.

In Tanner v. Wiggins, 54 Fla. 203, 45 South. Rep. 459, "the record clearly showed that there was a legal sentence imposed by a court of competent jurisdiction," and it was there held that "a defect in the commitment or mittimus cannot be made to avail in the habeas corpus proceedings." Here no judgment or sentence is shown by either party.

In this case the petitioner alleged on oath that his detention was "unlawful," and prayed that the sheriff be required to produce before the court "the body of the petitioner together with the day and cause of his detention."

Whether the allegation of the petition complied with the requirement of the statute that the petitioner "shall show by affidavit or evidence probable cause to believe that he is detained in custody without lawful authority" (Sec. §3571 Rev. Gen. Stats. 1920) so as to authorize the issuing of a writ of *habeas corpus,* need not be discussed now, since the court below issued the writ and the Attorney General representing the State has not questioned its propriety. See Stillman v. State, decided at this term; 12 R. C. L. 1231.

The return of the sheriff alleges that the petitioner is held by virtue of a commitment; that petititoner was convicted "of the offense of being unlawfully drunk and intoxicated by the voluntary use of intoxicating liquors, and tenders herewith the said writ of commitment;" and that the sheriff has no other right to hold the petitioner in custody.

The commitment issued by the judge which controls, at least in the absence of a showing of a valid judgment of conviction and sentence, merely recites that petitioner

was "tried and convicted of the offense of drunkenness." Neither the charge, the verdict nor the judgment and sentence of conviction is shown by the petitioner or by the State.

When the judgment is not shown, it must be assumed that the commitment properly states the judgment of conviction and sentence on which it is issued. See 16 C. J. 1329; 29 C. J. 68.

The statute making "drunkenness by the voluntary use of intoxicating liquors," a crime having been repealed, leaving only the statute making it a crime "to become drunk or intoxicated," and there being no similar common law offense, the commitment reciting that the petitioner was "tried and convicted of the offense of drunkenness," is not a sufficient warrant for the petitioner's detention in custody, when a valid judgment of conviction is not shown. If there be a valid judgment, a proper commitment may be issued thereon. 12 R. C. L. 1210; 14 Ann. Cas. 133; 16 C. J. 1329; 58 South. Rep. 855.

ELLIS, J., concurs.

WEST, J., dissenting.

If there is any difference in meaning between the terms "drunkenness" and "drunk or intoxocated" the former is more comprehensive than the latter. A charge of drunkenness includes a charge of drunk or intoxicated. The precise language of the statute in charging the offense is not required. Proof of drunkenness is proof that the accused was drunk or intoxicated. It would be impossible to prove guilt upon a charge of drunkenness without proving that the person charged had been drunk or in-

toxicated. A judgment of conviction on a charge of drunkenness, where the crime denounced is drunk or intoxicated, is not void, because every element of the crime is alleged and proved. The petitioner should not, therefore, be discharged on habeas corpus.