LAURIE RAY, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division B.

Opinion filed April 22, 1929.

*Zach H. Douglas*, for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—In this case the record shows that the plaintiff in error on the 30th day of April, 1928, pleaded guilty to the offense of having a pistol unlawfully concealed on or about his person and, thereupon, was adjudged guilty of such offense and sentenced to serve six months in the county jail of Taylor County, Florida, subject to the order of the Board of County Commissioners, and that on the same day he pleaded guilty to an affidavit made by one S. L. Wilson, which was as follows:

Before me, County Judge in and for said County, personally came S. L. Wilson, who being duly sworn, says that on the 11th day of March, A. D. 1928, in the County and State aforesaid, one Laurie Ray did then and there drink alcoholic and intoxicating liquors to drunkenness and intoxication being then and there found, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Florida.

And, thereupon, judgment was entered as follows:

It is considered, ordered and adjudged that the defendant, Laurie Ray, be adjudged guilty and to stand convicted of drunkenness and after the expiration of sentence No. 1, you be committed to the county jail at hard labor subject to the order of the Board of County Commissioners of Taylor County, Florida, the full period of three months and this be sentence No. 2.

Given under my hand this 12th day of March, A. D. 1928.

Jno. O. Culpepper    (SEAL)
County Judge.

Being incarcerated under the judgments above mentioned, the plaintiff in error sued out writ of *habeas corpus,* which was returnable before the Honorable M. F. Horne, Judge of the Third Judicial Circuit in and for Taylor County, Florida.

On hearing the petitioner, plaintiff in error here, was re-manded to the custody of the sheriff, to which judgment writ of error was sued out. The judgment of the Circuit Court was without error. The judgment of conviction under the charge of having a pistol unlawfully concealed about the person designated in the record as sentence No. 1 was a valid sentence and judgment. The judgment of conviction under the charge embraced in the affidavit of S. L. Wilson above quoted we must hold to be void under authority of the opinion in the case of Moody v. State, 87 Fla. 175, 99 So. R. 665.

The sentence under this judgment, however, would not begin to run until the expiration of the term of the sentence imposed under the conviction of having a pistol unlawfully concealed about the person and, therefore, the petititioner, the plaintiff in error here, was not unlawfully restrained of his liberty at the time at which he filed his petition for writ of *habeas corpus* and was not then entitled to be discharged from custody.

The judgment of the circuit court is affirmed with permission to the plaintiff in error to renew his petition for *habeas corpus* at the expiration of the service of the sentence imposed upon the conviction of having a pistol unlawfully concealed about the person, the same being designated in the record as sentence No. 1.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.