STATE OF FLORIDA, ex rel. CARL METCALF, *Petitioner*, vs. M. P: LEHMAN, Sheriff of Dade County, Florida, *Respondent*.

138 So. 740.

En Banc.

Opinion filed January 2, 1932.

*Bart A. Riley, J. Aaron Abbott, Frank B. Dowling* and *John L. Neeley*, for Petitioner;

*Vernon Hawthorne*, St. Atty., for Respondent.

BUFORD, C.J.—The record in this case shows that the petitioner, Metcalf, was informed against in the Criminal Court of Record of Dade County, charged with breaking and entering a building with intent to commit grand

larceny; that he was arrested upon a capias issuing out of the Criminal Court of Record of Dade County, Florida. He sued out writ of habeas corpus before one of the Circuit Judges of Dade County. The writ was issued on the 27th day of November, 1931. On hearing the petitioner was remanded to the custody of the Sheriff of Dade County, Florida, to be held by him for trial in the Criminal Court of Record of Dade County, Florida, on charge of "breaking and entering" and it was ordered by the court "that the said petitioner, Carl Metcalf, be and he hereby is permitted to make bail for his appearance in said Criminal Court of Record of Dade County, Florida, in the sum of $2500.00." This order was signed by one of the Circuit Judges of Dade County on the 28th of November, 1931. The defendant did not make the bond.

On December 1st the defendant was brought into open court in the presence of Hon. E. C. Collins, Judge thereof, G. A. Worley, prosecuting for the State as Acting County Solicitor, Bart A. Riley and Frank B. Dowling as Attorneys for the defendant, Metcalf. Mr. Worley requested the court to allow the withdrawal of certain affidavits of disqualification, which request was granted. It was then announced to the court that neither the State nor the defense was ready for trial. Thereupon the case was continued for the term. Whereupon Mr. Riley, as counsel for defendant, moved the court to fix the amount and conditions of an appearance bond. Thereupon the following order was made.

"IT IS ORDERED that the defendant Carl Metcalf be restored to his liberty upon filing a recognizance in the sum of $2500.00, signed by defendant, but without sureties, for his appearance at the next term of this Court. Dated December 1st, 1931.

E. C. Collins
Criminal Court Judge."

The bond was made as required by the order and was then and there approved by the Judge of the Criminal

Court of Record but the Sheriff, being advised that the order of the Circuit Judge was still in force and effect, failed and refused to release the petitioner on the bond approved by the Judge of the Criminal Court of Record, although the Judge of the Criminal Court of Record made the following endorsement on the bond: "Bond approved and defendant ordered released. E. C. Collins, Judge Criminal Court of Record of Dade County."

Thereupon writ of habeas corpus was sued out from this Court. The sheriff made his return, admitting all facts above set out and by an amended return shows that a new information charging the same offense has been filed. We are not advised what the purpose of this new information is and the purpose thereof is immaterial so far as the disposition here is concerned.

The only question for us to determine is whether or not the order of the Circuit Judge is still in force and effect. It is not. When the defendant appeared in the Criminal Court of Record in open court after the order of the Circuit Judge remanding him to the custody of the sheriff to appear before the Criminal Court of Record for trial, the order of the Circuit Judge was then satisfied and the custody of the defendant was from thenceforth under the control of the Judge of the Criminal Court of Record. Having continued the case for the term, the Judge of the Criminal Court of Record was vested with power to fix the amount and conditions of the appearance bond within reasonable terms for the defendant. The Judge of that court may have allowed defendant to go on his own recognizance without the execution of any bond, or may have required him to give reasonable bond, with or without surety.

Inasmuch as the return of the sheriff shows that a new information has been filed against the defendant since the writ of habeas corpus issued from this Court, we must remand the petitioner to the custody of the sheriff to be held or discharged according to such orders as may be made in

that behalf by the Judge of the Criminal Court of Record of Dade County. It is so ordered.

WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.