J. J. Mendenhall, *ex rel.*, v. Rex Sweat, as Sheriff.

158 So. 280.

Opinion Filed December 17, 1934.

*Joseph S. Wilensky,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *H. E. Carter,* Assistant, for the State.

Per Curiam.—The case before us is on writ of error to the Circuit Court of Duval County to review a judgment in habeas corpus proceedings wherein the petitioner sought his release from jail on bail to answer charges of murder in the first degree as contained in two indictments.

The Circuit Court fixed bail in the sum of $50,000.00 in each case, making a total of $100,000.00.

The contention here is that the amount fixed is excessive and that the order violates Section 8 of the Bill of Rights of the State Constitution.

The Circuit Judge having determined that the petitioner was entitled to bail was then bound by the Constitution to fix bail in a not excessive amount. See Harrison v. Stone, Sheriff, opinion filed January 8, 1934, reported 152 Sou. 19.

The record in this case shows that the State Attorney of the Fourth Judicial Circuit joined counsel, Joseph S. Wilensky, who appeared for the petitioner and moved the court to admit the petitioner to bail. The record shows that the State Attorney made the following statement to the court:

"If the court please, at this time both the State and the accused join in a motion to the court that this defendant be admitted to such reasonable bail as in the opinion of the court would justify and require the defendant's presence in this court on November 12, 1934, the date set for the trial of this cause."

Thereupon it appears from the record that the court proceeded to take the testimony of the petitioner. That testimony was uncontradicted. By it the following salient matters were shown:

Mr. Mendenhall was put on the stand after being duly sworn and having been advised of his rights in regard to any statements which he might then make and that such statements might be used against him and then the judge said to him:

"The records in this case show, Mr. Mendenhall, that you were adjudged insolvent; that the court appointed counsel to represent you, to assist the court in the matter of your

defense. It is this counsel who is now about to interrogate you. Are you willing to be interrogated and answer such questions as may be asked you?"

To which he answered:

"Yes, sir."

He was then asked the question:

"Mr. Mendenhall, when you left town, did you inform any authorities where you were going, and what your address would be at that place?"

Which was objected to by the State Attorney, as follows:

"If the court please, I object to the question because it is not material to the purpose stated by counsel for the defendant, to-wit, that the defendant advised the State Attorney where he was going, and gave him his address. He asks him now, any authorities; and I don't dispute anything he may have told anyone else."

To this the court said:

"That is not the question. As I understand it, the defendant is placed upon the stand to show his good faith. It may be that he will testify to matters that were not embraced in the question. * * *"

Mr. Mendenhall then testified that when he left Jacksonville he advised Mr. Hulbert in the sheriff's office where he was going and what his address would be in the event that he was wanted in Jacksonville. He testified that he left Jacksonville and went to Covington, Kentucky, on account of the serious illness of his daughter and that if it had not been for the continued illness of his daughter he would have been back in Jacksonville when he was wanted and that if he had been notified he would have come back to Jacksonville immediately anyway without an officer going for him.

It appears from the record that the court considered the act of the State's Attorney joining in the motion that the

petitioner be allowed bail to be a binding admission by the State that the petitioner is entitled to bail under the Constitution of Florida and, therefore, that it was not necessary to take any testimony tending to prove that the petitioner was entitled to bail. We think that this was entirely a proper conclusion in that regard, though the court was not bound to so accept the admissions made by the State's Attorney.

The record shows that the petitioner is insolvent and that counsel has been appointed by the court to represent him.

The fixing of the bail at $50,000.00 in each case was tantamount to denying bail.

Section 9 of the Declaration of Rights of the State Constitution provides:

"All persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great."

We must construe the action of the State's Attorney as being an admission on behalf of the State that as to the offense charged against the accused the proof of such guilt is not evident or the presumption thereof great.

In the case of State, *ex rel.* Cohan v. Wingate, 85 Fla. 42, 94 Sou. 826, we said:

"Where a person is tried at one term of the Circuit Court and a mistrial results, and the defendant is remanded to jail and afterwards escapes, and is subsequently arrested, and at the next term, he is present in court, ready and demanding a trial, and the State Attorney puts off the trial from day to day and subsequently offered to permit the defendant to be released on his own recognizance if he will consent to a continuance, and upon his refusal is told that an application for continuance will be made and the court will be asked to hold the defendant under $1,500.00 bond, and upon the defendant resisting the application for con-

tinuance, which is granted by the court, and at the request of the State Attorney, fixes the bond at $3,000.00, a bond in such an amount under the circumstances is greatly excessive."

In Harrison v. Stone, Sheriff, *supra,* we held that:

"Laboring man, having dependent family and unable to give bond of more than $1,000 for appearance to await grand jury's action on homicide charge after it twice found no true bill, *held* entitled to release from custody on giving bond in such sum."

In *Ex Parte* Gainey v. State, 42 Fla. 607, 29 Sou. 405, in which we had under consideration the allowance of bail in a case where the petitioner was charged with homicide, we said:

"Where the proofs in such a case go no further than to establish a probability of guilt they are not sufficient either to sustain a verdict of conviction or to call for a denial of bail."

It is true that no proofs were submitted concerning the petitioner's guilt in this case because of the aforementioned admissions by the State Attorney.

Where a petitioner charged with murder in the first degree is entitled to bail he is entitled to be released on bail in a reasonable amount and in such case the amount of bail should not be fixed in so excessive an amount as to preclude the probability of the ordinary citizen in like circumstances and conditions as those of the accused being able to furnish, after taking into consideration the gravity of the charge.

In this view of the case, we hold that the judgment should be reversed and the cause remanded with directions that the petition be reconsidered by the court below with such further evidence as may be adduced as a reasonable basis for the determination of the amount in which bail should be

fixed, or, should the court below determine not to give the weight to the admissions of the State Attorney heretofore referred to that the petitioner is entitled to bail, then that he require the petitioner to produce as witnesses before him all those witnesses whose names appear on the indictment and any other witnesses whose names may be furnished the petitioner by the State Attorney to determine whether or not the proof is sufficient to warrant the court in denying bail under the provisions of Sections 8 and 9 of the Declaration of Rights of our Constitution and thereupon to enter his order not inconsistent with the views expressed in this opinion.

It is so ordered.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—As stated in the majority opinion, the court was not concluded by the fact that the State Attorney joined in the motion that plaintiff in error be admitted to bail, even though this action of the State Attorney was tantamount to an admission by him that in his opinion the proof of guilt was not evident, nor the presumption great. As no testimony on that point was submitted by either side, I do not think there is a sufficient showing for the reversal of the judgment of the lower court, even though its action be deemed equivalent to a denial of bail. The matter was by the parties left to the trial judge to exercise his discretion as to the amount of bail without any evidence being submitted on the vital question as to whether the proof was evident or the presumption great. Under these circumstances, and in view of the presumption which is ordinarily indulged in favor of the correctness of the action

of the trial court in the exercise of its discretion in such matters, how can this Court say that the trial court abused its discretion, the burden of showing which is upon the appealing party?

The general principles applying to such matters are very well stated in 6 C. J. 988-989, as follows:

"Ordinarily there is *prima facie* presumption, on appeal, that the lower court properly exercised its discretion and that its judgment is correct, and as the jurisdiction of the appellate court is revisory it will interfere with the judgment or order of the lower court only where its discretion has been exercised in an arbitrary, unjust, or oppressive manner, or the refusal below, as apparent from the record, was manifestly erroneous. But this does not preclude the appellate court from reviewing the evidence and determining the facts, nor from giving the prisoner the benefit of every reasonable doubt upon the case as presented, and even though it may decline to consider the credibility of witnesses in the court below or to reverse the refusal on those grounds, or to discuss the evidence in the record or give the reasons for the conclusion it reaches, yet it will consider the sufficiency of the evidence to make a case in which the 'proof is evident' that the accused is guilty as charged; and it may also, without reversing, reject, as irrelevant, inculpatory evidence improperly admitted below, and affirm the judgment upon the legal evidence admitted."

"The object of bail being merely to secure the presence of the accused for trial, in determining the amount in which it is to be taken it is proper to take into consideration the nature of the offense charged, the penalty which may be inflicted, the probability of the appearance of the accused, his pecuniary condition, his character and reputation, and the circumstances surrounding the case, relative to the probabilities of his conviction. The amount should be reason-

ably large, but it should not be clearly disproportionate to the offense charged, nor unreasonably large, and what is a reasonable amount is a matter necessarily left to the sound discretion of the court or officer empowered to fix it."

"Bail must not be in a prohibitory amount, more than the accused can reasonably be expected under the circumstances to give, for if so it is substantially a denial of bail within the constitutional provision. However, a mere inability to procure bail in a certain amount does not of itself make such amount excessive; but regard must be had to the circumstances and ability of the prisoner, in connection with the atrocity of the offense, or the turpitude of the crime and the punishment involved, in determining whether the bail is or is not excessive."

Upon the very meager showing made by this record, I do not think the plaintiff in error has borne the burden which the law casts upon him of showing that the trial judge abused his discretion.