*Ex Parte:* GEORGE HAYNES.

159 So. 363.
Order Entered February 13, 1935.

DAVIS, J.—Pursuant to Section 5 of Article V of the Constitution of Florida, a writ of habeas corpus was issued upon the petition of one Andrew Haynes, brother of George Haynes, upon an affidavit filed before me as a Justice of the Supreme Court, alleging that George Haynes was being unlawfully restrained of his liberty under a commitment issued by the Justice of the Peace of the Eighth Justice District of Leon County upon a judgment of said Justice of the Peace finding the said George Haynes guilty of the offense of drunkenness, which it was alleged is not a crime under the present laws of Florida.

A return has been filed by the Sheriff to the effect that the prisoner is being held in the county jail of Leon County on a charge of "drunkenness," pursuant to which the said George Haynes was duly adjudged guilty and ordered to pay a fine of Fifteen Dollars, to include the costs of court, and in default of such payment to serve thirty days in the county jail at hard labor.

Section 5472 R. G. S., 7616 C. G. L., appears to be the only state statute we have left in the books undertaking to make it a criminal offense against state law for any person to become or be drunk or intoxicated.

Assuming that said Section 5472 R. G. S., *supra,* which was originally Section 8 of Chapter 7736, Acts of 1918, although carried forward into the Revised General Statutes, has not been repealed by the operative effect of Amended Article XIX approved at the General Election held November 6, 1934, the effect of which is to abrogate Chapter 7736, Acts of 1918, in its entirety, it appears that in the case of Moody v. State, 87 Fla. 175, 99 Sou. Rep. 665, this Court has definitely held that a commitment reciting that petitioner was tried and convicted of the offense of "drunkenness"

is not sufficient for the petitioner's detention in custody when a valid judgment of conviction is not shown.

It appears that the disposition of the pending writ of habeas corpus is controlled by the case of Moody v. State, 87 Fla. 175, *supra,* and upon authority of that decision by the Supreme Court an order will be entered discharging the petitioner herein, George Haynes, from further custody under the sentence imposed upon him for said conviction of drunkenness, which is shown by the return to be the sole cause of his detention in jail.

Prisoner ordered discharged.