PER CURIAM.
A writ of habeas corpus was issued on petition of Willis Sanders. The respondent made oral return at hearing on the writ and thereafter argument of counsel was heard. It appears that petitioner is being held under a warrant issued by the Metropolitan Court of Dade County (hereinafter referred to as Metro Court) for the alleged offenses of driving while under the influence of intoxicants and reckless driving/ having been arrested therefor after an order for his release on habeas corpus which was sued out in the Circuit Court following his arrest and trial for similar offenses in the City Court of the City of Miami. Bond was set by the Circuit Court in the sum of $1,050 upon the alleged offenses triable in the Metro Court without express request being made therefor by, or on behalf of the petitioner. It is here contended that the bond fixed by the Circuit Court for said offenses is substantially more than the amount of such bonds as fixed and required for such offenses in the Metro Court, and therefore, said bond is excessive.
The habeas corpus proceedings on the arrest of the petitioner for alleged offenses committed against the ordinances of the City of Miami having been concluded before the Circuit Court by an order of release of the petitioner, and unless he should be before the Circuit Court for a hearing upon the new offenses in a proceeding in which the court was sitting as a committing magistrate, no circumstances existed requiring the Circuit Court to set bond in the place and stead of the court which was empowered and under duty to do so. See State ex rel. Metcalf v. Lehman, 103 Fla. 1068, 138 So. 740.
Now Therefore, It Is Ordered That writ is quashed and the petitioner, Willis Sanders, is remanded to the custody of the respondent without prejudice to apply to the said Metro Court or a judge thereof to fix an appearance bond for his release pending trial in that court.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.