PER CURIAM.
This matter is an original habeas corpus proceeding in this court. Prior to the institution of this proceeding, the petitioner (being in the .custody of the Sheriff of Dade County to respond to an information of grand' larceny, etc.) applied for bail in the Criminal Court of Record, which was denied. Thereafter, he filed an original proceeding in habeas corpus in the Circuit Court in and for Dade County,[1] and bail was fixed by that court in the amount of $25,000.00 to assure his appearance at the trial scheduled for 10:00 A.M. on October 20, 1965. The petitioner posted said $25,-000.00 bond and appeared at the time and date set for trial, to-wit: October 20, 1965, at which time his counsel made a motion for continuance, which was granted. Thereupon the trial judge announced that he would consider the matter of bail pending the trial date as continued, and scheduled the matter for consideration at 2:00 o’clock P.M. that day. The petitioner having appeared in response to the bond fixed by the Circuit Court and standing before the trial court on the date of trial, the trial judge was possessed with the necessary jurisdiction to make inquiry into the bail. See State ex rel. Metcalf v. Lehman, 1932, 103 Fla. 1068, 138 So. 740.
Upon the proceedings resuming before the trial judge on the question of bail pending the continued trial, inquiry was made if the petitioner had any evidence or argument from his counsel to offer, and none was forthcoming. Thereupon the trial judge fixed bail in the amount of $75,000.00, pending a trial of the cause on the continued date of November 4, 1965.
Thereafter, the instant proceedings were commenced in this court, seeking a writ of habeas corpus contending that the $75,000.00 bail was excessive and therefore a denial of constitutional rights. See Section 8, Declaration of Rights, Florida Constitution, F.S.A. The writ issued and the respondent filed his return. Following oral argument in the matter, we have considered the record and find a lack of sufficient showing to justify the increase made, although on further or fuller hearing, the ■trial judge may find adequate basis for the amount of bond as previously fixed by him. During the oral argument before this court, counsel for respondent conceded that the bail as fixed, on the record before us, appears to, or may, be excessive to some degree.
We therefore discharge the writ and return the matter to the trial judge to reconsider the reasonableness of the bail, and in this connection we call attention to Mendenhall v. Sweat, 1934, 117 Fla. 659, 158 So. 280.
The writ is therefore discharged and the cause remanded.
It is so ordered.

. Sec. 903.04(3), Fla.Stat., F.S.A.