192 So.2d 18 (1966)
John MATERA, Appellant,
v.
T.A. BUCHANAN, As Director of Public Safety, Dade County, Florida, Appellee.
No. 66-299.
District Court of Appeal of Florida. Third District.
November 15, 1966.
*19 Hoffman & St. Jean, Louis Vernell, Miami Beach, for appellant.
Richard E. Gerstein, State Atty., and Roy S. Wood, Asst. State Atty., for appellee.
Before PEARSON and SWANN, JJ., and EATON, JOE, Associate Judge.
PER CURIAM.
The appellant was arrested in Dade County on a warrant charging him with a felony less than capital and was incarcerated in the Dade County jail. Bail was set by a judge of the criminal court of record in the amount of $250,000.00. Appellant instituted a habeas corpus proceeding in the circuit court seeking reduction of bail. 903.04(3) Fla. Stat., F.S.A., State ex rel. Gerstein v. Schulz, Fla.App., 180 So.2d 367. Appellant took the position that his detention was unlawful in that bail in the amount of $250,000.00 was excessive and tantamount to a denial of bail in violation of the Constitution of the United States and the Constitution of the State of Florida. The Writ issued. Return was filed and testimony was taken. The petitioner (appellant here) was remanded to the custody of the respondent. It was from this remand order, which amounts to a discharge of the Writ, that this appeal was taken.
Section 9 of the Declaration of Rights of the Constitution of the State of Florida provides: "All persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great."
Section 8 of the Declaration of Rights of the Constitution of the State of Florida provides: "Excessive Bail shall not be required, nor excessive fines be imposed, nor cruel or unusual punishment or indefinite imprisonment be allowed, nor shall witnesses be unreasonably detained."
Whether an amount fixed for bail is violative of Sections 8 and 9 of the Declaration of Rights turns in each case upon the particular circumstances surrounding the accused. Briefly, the evidence before the lower court was that the petitioner had never been convicted of a crime; was married and the father of one child; was a resident of the State of New York; had posted a $35,000.00 appearance bond on another charge in that State; had sold a luncheonette eight or nine months before the hearing before the circuit court; paid rent in the amount of $140.00 a month for occupancy of an apartment in New York; had no savings account; owned neither real estate nor stock; had no Dade County address; and had no Dade County relatives.
Upon this evidence the circuit judge found that the petitioner had failed to establish that bail was excessive.
*20 We find that petitioner did establish that $250,000.00 is excessive under the circumstances and amounts to a denial of bail in violation of the Declaration of Rights of the Constitution of this State.
Under our system of constitutional government, the right to bail prior to trial of one accused of a non-capital crime is absolute. See Mathis v. Starr, 1963, Fla., 152 So.2d 161; Ex parte Hatcher, 1923, 86 Fla. 330, 98 So. 72; 903.01 Fla. Stat., F.S.A. That right is one of the bulwarks in the structure of a free society. Every accused person is presumed to be innocent until such time as the State, if it can, establishes his guilt beyond and to the exclusion of every reasonable doubt. Judicial officers charged with the responsibility of fixing bail are bound by the Constitution to fix bail in a not excessive amount. Mendenhall v. Sweat, 1934, 117 Fla. 659, 158 So. 280. The object of bail in a criminal case is to put the accused as much under the power of the court as if he were in custody of the proper officer, and to secure the appearance of the accused so as to answer the call of the court and to do what the law may require of him. Capitol Indemnity Insurance Co. v. State, 1956, Fla., 86 So.2d 156. Bail should not be fixed in so excessive an amount as to preclude the probability of the accused's being able to furnish it. See Mendenhall v. Sweat, supra; Harrison v. Stone, 1934, 113 Fla. 471, 152 So. 19.
In a habeas corpus proceeding the petitioner assumes the burden of a moving party. The applicant for a writ of habeas corpus must first show by evidence or affidavit probable cause to believe that his restraint is illegal if a writ is to issue. Wood v. Cochran, 1960, Fla., 118 So.2d 193; 79.01 Fla. Stat., F.S.A. When a writ issues the respondent is obligated to file a return. See Moody v. State, 1924, 87 Fla. 175, 99 So. 665; 79.05 Fla. Stat., F.S.A. The writ challenges the right of a person to hold another in custody and it is encumbent upon the party depriving another of his liberty to show his right to do so. Moody v. State, supra. The return is directed, not to the petition, but to the writ; and the issues are framed upon the return and the denial or other controversion of the material matters set forth in the return, without reference to the petition. Sullivan v. State ex rel. McCrory, 1951, Fla., 49 So.2d 794. The facts set forth in the return are not conclusive, (79.06(1) Fla. Stat., F.S.A.), but the allegations in the return are taken as true unless impeached by competent evidence. See 79.06(1) Fla. Stat., F.S.A.; Boyd v. Cochran, 1960, Fla., 118 So.2d 627; Cooper v. Sinclair, 1953, Fla., 66 So.2d 702, cert. denied, 346 U.S. 867, 74 S.Ct. 107, 98 L.Ed. 377. After the respondent has filed his return, the petitioner may present exceptions raising questions of law; he may traverse the facts set forth in the return; he may allege facts not appearing in the petition or return that may be material in the case; or, he may adopt his petition as a traverse of the return. Sneed v. Mayo, 1953, Fla., 66 So.2d 865, 870. The burden is on the petitioner to show that he is unlawfully restrained. See Coleman v. State ex rel. Race, 1935, 118 Fla. 201, 159 So. 504; Ex parte Warris, 1891, 28 Fla. 371, 9 So. 718. Habeas Corpus, historically, is a high prerogative writ. It is the court's duty to "examine into the cause of the imprisonment or detention, to receive evidence in contradiction of the return, and to determine the same as the very truth of the case shall require." 79.06(1) Fla. Stat.
This is an appellate proceeding brought under the Florida Appellate Rules. Crownover v. Shannon, 1964, Fla., 170 So.2d 299; State ex rel. Callahan v. Michell, 1964, Fla., 170 So.2d 290. The order from which the appeal is taken comes here carrying with it a presumption of correctness. As in any other appeal, the burden is on the appellant to show reversible error.
We have discussed certain procedural steps in Habeas Corpus because they are deemed pertinent to the determination of this proceeding, but we stress that: "In habeas corpus the niceties of the procedure *21 are not anywhere near as important as the determination of the ultimate question as to the legality of the restraint." Anglin v. Mayo, 1956, Fla., 88 So.2d 918.
We are not unmindful that the judgment of the able and experienced circuit judge should not be lightly set aside by an appellate court. It is neither the purpose nor the function of this court to determine the weight to be given the evidence presented at the habeas corpus hearing, nor to weigh its credibility. The testimony was unrefuted. No conflicting testimony was presented. The evidence, when analyzed, is such that we believe only one conclusion can be drawn therefrom; that is, that excessive bail was required. Where only one conclusion can be drawn, the appellate court is obligated to afford petitioner his relief. See State ex rel. Sanders v. Thomas, 1951, Fla., 54 So.2d 804. Stated otherwise, the order appealed from is unsupported by the legal effect of the evidence. Under such circumstances it becomes our duty to reverse. See Sponholtz v. Sponholtz, 1965, Fla.App., 180 So.2d 497; McLendon v. Davis, 1961, Fla.App., 131 So.2d 765; Shaffran v. Holness, 1958, Fla.App., 102 So.2d 35; Brumick v. Morris, 1938, 131 Fla. 46, 178 So. 564.
Accordingly, upon the record before us it appears that the order appealed should be reversed and the cause remanded to fix bail for the appellant in an amount not so excessive as to amount to a denial of bail under the rule set forth in Mendenhall v. Sweat, 117 Fla. 659, 158 So. 280 (1934).
Another matter has been suggested which calls for comment. The record herein does not reflect any change in the custody of the appellant. It was suggested, however, during oral argument, that appellant was no longer in the custody of the Sheriff of Dade County, Florida, and that he was no longer within the boundaries of the State.
Upon remand for a determination of bail, the trial judge is instructed upon further hearing to inquire and determine as to the present custody of the appellant. If the facts reveal that appellant is no longer in the custody of the respondent Sheriff, his petition for habeas corpus would be moot and the same should be dismissed forthwith. Allen v. Cochran, Fla., 128 So.2d 608 (1961); Wainwright v. Phillips, 5 Cir., 360 F.2d 617.
It is so ordered.