DREW, Justice.
Petitioner, who is awaiting trial on multiple charges of grand larceny, resisting arrest and rioting, presents in this habeas corpus proceeding the single issue of the constitutional propriety of the trial court’s requirement of bail bond surety as a condition to his pretrial release, after an adjudication of his insolvency and appointment of defense counsel.
By a previous proceeding in habeas corpus the amount of petitioner’s total bond upon all charges pending against him has been reduced to $850, and the petition in this Court is confined to the proposition that because of his adjudicated insolvency a requirement of surety in any amount is unreasonable.[1] He contends the order of the trial court in these circumstances does not accord petitioner due process and equal protection of law[2] on a parity with those who are financially able to< post bond and be at large to aid in pretrial preparation of their defense.
Our study of the decisions under applicable state and federal constitutional provisions indicates uniform adherence in this situation to the rule that “whatever the petitioner’s right in the premises may be, he is not entitled to be discharged from custody without bail, and, as that is the prayer of the petition, it will be denied.”[3] *31 We find no ground for departure in this case, and conclude that to accede to petitioner’s claim would be to disregard the state’s right to custody or control of an accused, essential for the protection of society, and would make of indigency a pass-key to all places of restraint to which he might be committed prior to trial.
Upon the petition before us there is presented no necessity for determination of whether under our law[4] the requirement of security for the bond may be dispensed with upon a showing of other deterrents which may be regarded, on both practical and historical considerations, as equivalent to the threat of forfeiture in reducing the risk of noncompliance with conditions of release.[5] Certainly in this age of incredible speed and mobility of urban population no presumptions can be indulged against the necessity for bail security to achieve orderly administration of criminal procedures and insure the presence of the defendant to answer the charges that society has lodged against him when his case is called for trial.
The writ heretofore issued should accordingly be discharged and petitioner remanded. It is so ordered.
THORNAL, C. J., and O’CONNELL and CALDWELL, JJ., concur.
ERVIN, J., concurs specially with Opinion.

. See. 9, Deal, of Rights, Fla.Const.F.S.A.: . “All persons shall be bailable by sufficient sureties, except for capital offenses where' the proof is evident or the presumption great.”

. Sec. 12, Decl. of Rights, Fla.Const.; Amendments 14 and 8, U. S. Constitution.

. State ex rel. Cohen v. Wingate, 85 Fla. 42, 94 So. 862; State ex rel. Gayle v. *31 Dowling, 91 Fla. 236, 107 So. 267; Pilkinton v. Circuit Court of Howell County, Missouri, 8th Cir. 1963, 324 F.2d 45: “A State may properly require bail in some amount, and the mere fact that an accused is unable to furnish it in any sum, and so wants to he released on his own recognizance, does not present a federal question.”

. F.S. Sec. 903.01, F.S.A.: “Offenses less than capital. — All persons in custody for the commission of an offense, not capital, shall before conviction be entitled as of right to be admitted to bail, and after conviction bail may be granted at the discretion of either the trial or appellate court.” Sec. 907.01: “Capias and amount of bond. —* * * The judge upon the filing of the information or indictment, shall indicate the amount of bail, if the offense is bailable, in which case an indorsement shall be made on the capias and signed by the clerk, to the following effect: The defendant is to be admitted to bail in the sum of.dollars.”

. Cf. Bandy v. United States, 81 S.Ct. 197, 5 L.Ed.2d 218. “Rule 46(d) indeed provides that ‘in proper cases no security need be required.’ For there may be other deterrents to jumping bail: long residence in a locality, the ties of friend and family * *