321 So.2d 630 (1975)
The STATE of Florida ex rel. Rolando BARDINA, Relator,
v.
Jack SANDSTROM, Director, Dade County Department of Corrections and Rehabilitation and, Ellen J. Morphonios, Circuit Judge, Respondents.
No. 75-1662.
District Court of Appeal of Florida, Third District.
November 12, 1975.
Pollack, Tunkey, Robbins, Weiner & Leen, Miami, for relator.
Richard E. Gerstein, State Atty., and Milton Robbins, Asst. State Atty., for respondents.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
*631 PER CURIAM.
By this petition for writ of habeas corpus, we are called upon to review the amount of bond set by the trial court in a capital felony cause. The petitioner was indicted for the crime of murder in the first degree and robbery. He has also been charged with buying, receiving, or concealing stolen property and possession of a short barrelled shotgun.
The trial judge found, as to the charge of murder in the first degree and robbery, that the proof of guilt was not evident and the presumption of guilt was not great and that, therefore, under the law, the defendant would be entitled to reasonable bail on these charges pursuant to Art. I, § 14, Constitution of the State of Florida. The trial court thereupon fixed bail on these charges in the amount of $350,000.00 and the amount of $1,500.00 on the remaining charges.
This petition for writ of habeas corpus has been filed, contending that the amount of bail is excessive, the record disclosing that the defendant is a refugee from Cuba, having come to this Country some fifteen years ago and resided in New York until approximately seven months ago; that the defendant has had no criminal record for the past fifteen years; that he lives in the Miami area with his wife and child, although he has a brother who resides in Mexico; that he is self-employed in the jewelry business; that he has a number of friends in the community who spoke up for him; that private counsel has been retained by his friends and family, even though the trial judge did find that he was indigent for the purposes of costs.[1]
The amount of bond to be fixed in a cause such as this is discretionary with the trial court and each case must turn on its particular facts. State v. Schulz, Fla.App. 1965, 180 So.2d 367; Matera v. Buchanan, Fla.App. 1966, 192 So.2d 18; State v. Untreiner, Fla.App. 1971, 246 So.2d 158. However, it has often been held that when a defendant is entitled to bail he is entitled to reasonable bail [Jones v. Cunningham, 126 Fla. 333, 170 So. 663; Mathis v. Starr, Fla. 1963, 152 So.2d 161; State v. Schulz, supra], and that excessive bail, depending on the financial circumstances of the defendant, is tantamount to no bail. Mendenhall v. Sweat, 117 Fla. 659, 158 So. 280; Jones v. Cunningham, supra; State v. Schulz, supra; Matera v. Buchanan, supra. Under the particular facts of the instant case, we find that the amount of $350,000.00 bond is excessive by $300,000.00 and that a reasonable amount of bail should be $50,000.00, in view of the fact that the trial judge had found that the proof was not evident nor the presumption great that the defendant committed the crimes upon which he was indicted.
Therefore, the order under review is hereby reversed, with directions to reduce the amount of bail to $50,000.00 on these charges.
NOTES
[1] The trial judge made certain references in her order denying the reduction of bail based upon hearsay testimony. We have not considered these findings, as this was evidence that should not have been received nor considered by the trial court. Rodriguez v. State, Fla.App. 1974, 305 So.2d 305.