486 So.2d 25 (1986)
Edward Lee DRIGGERS, Petitioner,
v.
Dale CARSON, Sheriff of Jacksonville, Duval County, Florida, Respondent.
No. BL-292.
District Court of Appeal of Florida, First District.
March 25, 1986.
William P. White, Asst. Public Defender, for petitioner.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., for respondent.

ON PETITION FOR WRIT OF HABEAS CORPUS
NIMMONS, Judge.
Petitioner seeks a writ of habeas corpus on the grounds that the trial court has set an unreasonable pretrial bail, tantamount to no bail. We deny the petition.
Petitioner is charged with first degree murder of his former girlfriend who was shot in the head with a shotgun as she was entering her home accompanied by her seven-year old son. Initially, petitioner was represented by privately-retained counsel, and his application for pretrial release was denied because the proof of guilt was evident and the presumption great. Art. I, section 14, Florida Constitution; Fla.R. Crim.P. 3.131(a). Petitioner was then tried, but the jury was unable to reach a verdict, a mistrial was declared, and another trial was scheduled.
Petitioner again sought pretrial release. The court again found that the proof of guilt was evident and the presumption great. However, the court was erroneously persuaded by defense counsel that the petitioner could not be held without bond absent satisfaction of the criteria set forth in Section 907.041, Florida Statutes (1985). The court, therefore, over the persistent objections of the prosecuting attorney, granted the petitioner's motion for pretrial release and set bond in the amount of $1,000,000.
Petitioner does not urge upon us, as he did the trial court, that he could not be detained without satisfaction of the Section 907.041 criteria. Indeed, such an interpretation would be manifestly contrary to the provisions of Art. I, section 14, Florida Constitution, which empowers the court to withhold pretrial release of a defendant charged with either a capital offense or an offense punishable by life imprisonment where the "proof of guilt is evident or the presumption is great." Instead, petitioner asserts that under State v. Arthur, 390 So.2d 717 *26 (Fla. 1980), the trial judge, notwithstanding that the proof of guilt may be evident and the presumption great, still has the discretion to admit the petitioner to bail and that once the trial judge has made that decision, the amount of the bail must be reasonable. Further, the petitioner asserts that, inasmuch as he was adjudged insolvent prior to his motion to reduce bail, the $1,000,000 bail is tantamount to no bail and contrary to the applicable authorities. See State ex rel Crabb v. Carson, 189 So.2d 376 (Fla. 1st DCA 1966).; State ex rel Bardina v. Sandstrom, 321 So.2d 630 (Fla. 3rd DCA 1975); State ex rel Mendenhall v. Sweat, 117 Fla. 659, 158 So. 280 (1934).
We do not disagree with the petitioner that the above authorities stand for the legal principles which he articulates. However, as earlier noted, the fact is that the decision to set bail for the petitioner was not made in the exercise of the judge's discretion, as contemplated in Arthur, supra, but rather as a result of the judge's erroneous assumption that he was compelled to do so by Section 907.041.
Further, it is clear from the record that bail would have been withheld but for the judge's erroneous assumption. In announcing his findings, the judge stated that he had reviewed the testimony of the first trial. He alluded to the brutal nature of the murder. He stated unequivocally, as had his predecessor who had presided over the first trial, that the evidence of the petitioner's guilt met the standard of Art. I, section 14. He also referred to the "overwhelming possibility of the death penalty" and the "likelihood that he would be exposed to the death penalty." Finally, he expressed doubt that the petitioner, were he released, would appear for trial. In view of such findings, even if the trial court had been cognizant of, and purported to exercise, the discretion contemplated in the Arthur decision, the admission of the petitioner to bail would be a clear abuse of such discretion.
And so we find: (1) that the petitioner was not entitled, by virtue of Art. I, section 14, to be admitted, as of right, to bail; (2) that, in setting bail, the trial court was not exercising the discretion contemplated by Arthur, but, instead, set bail only because of the trial court's erroneous assumption that Section 907.041 compelled such action; and (3) even if the trial court had set bail in the exercise of the discretion permitted by Arthur, such would have been a clear abuse of that discretion.
Accordingly, the petition for writ of habeas corpus is DENIED.
ZEHMER and BARFIELD, JJ., concur.