871 So.2d 1001 (2004)
Jose Luis RODRIGUEZ, Appellant,
v.
Charles McRAY, Acting Director Miami-Dade County Corrections and Rehabilitation, and the State of Florida, Appellee.
No. 3D04-797.
District Court of Appeal of Florida, Third District.
April 16, 2004.
*1002 Bennett H. Brummer, Public Defender, and Gwendolyn Powell Braswell, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Jill K. Traina, Assistant Attorney General, for appellee.
Before RAMIREZ, WELLS, and SHEPHERD, JJ.
SHEPHERD, J.
Petitioner, JOSE LUIS RODRIGUEZ, seeks a writ of habeas corpus as a result of the denial of his motion for bond reduction. See Fla. R.Crim. P. 3.131(d)(3).
Petitioner is presently being held under an increased bond in the sum of $75,000 for the offense of one count of aggravated battery, and one count of animal cruelty. When originally arrested, he was released from custody upon the posting of a below standard bond in the sum of $4,500.00.
It appears from the record that the augmentation of the bond was driven by the fact that two alias capias warrants had issued for the accused in the underlying proceeding since the date of his initial arrest-one for failing to appear at a hearing and one for the failure of petitioner to appear on a scheduled trial date. However, the record also reveals that both had been quashed-the first because petitioner was unavoidably hospitalized at the time of the hearing and the second because petitioner was incarcerated in the Broward County jail on the day of his scheduled trial as a result of a probation violation triggered by the instant charges. His probation from his offense in Broward County has since been reinstated.
Because both of petitioner's failures to appear as required below were unavoidable, we determine that the trial court abused its discretion in increasing the amount of petitioner's bond to $75,000. State ex rel. Smith v. Untreiner, 246 So.2d 158, 159 (Fla. 1st DCA 1971)(applying abuse of discretion as the appropriate standard of review). According to representations made by counsel for the defendant,[1] the petitioner is a lifelong resident of Miami-Dade County, his mother and his four children live in Miami-Dade County, and his income has been approximately $250.00 per week from a landscaping business owned and operated by him. "The object of bail in a criminal case is to put the accused as much under the power of the court as if he were in custody of the proper officer, and to secure the appearance of the accused so as to answer the call of the court and to do what the law *1003 may require of him." Matera v. Buchanan, 192 So.2d 18, 20 (Fla. 3d DCA 1966). At the same time, bail may not be used to punish an accused. Untreiner, 246 So.2d at 159. Moreover, depending on the financial circumstances of the defendant, excessive bail can be tantamount to no bail at all. Good v. Wille, 382 So.2d 408, 410 (Fla. 4th DCA 1980). We believe that these precepts are the guiding ones that should govern this case.
Except for the fact that petitioner has one prior conviction in Broward County, this case is similar on its facts to those in Rawls v. State, 540 So.2d 946 (Fla. 5th DCA 1989) ($20,000 bond for indigent charged with possession of cocaine and marijuana but who had substantial community ties found excessive). Although mindful that the judgment of the trial judge should not be lightly set aside and that each case must be considered on its own facts, we nevertheless conclude here that the increased bond established by the trial court is excessive. Cf. Matera, 192 So.2d at 21 ("Where only one conclusion can be drawn, the appellate court is obligated to afford petitioner his relief). Accordingly, we reverse and remand this case for the trial court to re-evaluate and reduce petitioner's bail to an amount that is consistent with the guidance provided herein.
This opinion shall take effect immediately, notwithstanding the filing or disposition of any motion for rehearing.
Reversed and remanded with directions.
NOTES
[1] The better practice would have been for the defendant to offer sworn proof in support of his motion since the burden of proof to show reversible error is on him. However, we have also held that "In habeas corpus the niceties of the procedure are not anywhere near as important as the determination of the ultimate question as to the legality of the restraint." Matera, 192 So.2d at 20-21, citing Anglin v. Mayo, 88 So.2d 918 (Fla.1956). On remand, the defendant should be offered the opportunity to offer sworn proof in support of reduced bail.