CLARK, J.,
dissenting.
I respectfully dissent. I would grant the petition for writ of habeas corpus. On the record before us, I find the bond *435 amount set by the trial court excessive, and thus tantamount to the denial of bond.
Arrested on charges of using a computer to seduce, solicit, lure, or entice a child, traveling to meet a child after using a computer to seduce, solicit, lure, or entice a child, and unlawful use of a two-way communication device, Petitioner’s bond was set at $250,003 per count for a total of $750,009. Petitioner later filed an application for modification of bail, arguing that the amount of bond set was unreasonable and that non-monetary conditions could ensure the safety of the community and his presence at all future proceedings.
The testimony at the hearing on Mehaf-fie’s motion established that he has been in the Air Force for over seventeen years, and is by all accounts a “good soldier.” He has received numerous service medals and commendations, including one for deployment overseas. For at least the past seven years, Mehaffie has received the highest ratings in the performance reports given by the Air Force. Mehaffie has never gone “AWOL” and he has no prior criminal history. A psychologist who examined Mehaffie determined that he was at a low risk of entering into a sexually-inappropriate activity, and was not at risk of sexual perpetration or aberrant behavior. The testimony also established that Mehaffie cannot afford to pay anything towards his bond, and in fact, the trial court has found him indigent.
Though stationed in Valdosta, Georgia, some two hours from Jacksonville, Mehaf-fie’s father testified at the hearing that he and his wife, Mehaffie’s mother, would be willing to have Mehaffie live with them in Augusta, Georgia, should the court require. If bond were reduced, Mehaffie’s parents would assure that Mehaffie attended all court appearances, and they could make sure he did not use the internet, view pornography, access Craigslist, or have any unsupervised contact with minor children, if the court imposed such conditions.
The Florida Constitution entitles every person charged with a crime, except the most serious of crimes, to pretrial release on reasonable conditions. See Art. I, § 14, Fla. Const. When determining bail or other conditions, a trial court is to consider the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the defendant’s family ties, length of residence in the community, employment history, financial resources, past and present conduct, the nature and probability of danger which the defendant’s release poses to the community, and other factors, including any the court considers relevant. See § 903.046(2), Fla. Stat. (2013); see also Fla. R. Crim. P. 3.131(b)(3).
“The purpose of a bail determination in criminal proceedings is to ensure the appearance of the criminal defendant at subsequent proceedings and to protect the community against unreasonable danger from the criminal defendant.” § 903.046(1), Fla. Stat. (2013). “[B]ail may not be used to punish ah accused.” Rodriguez v. McRay, 871 So.2d 1001,1003 (Fla. 3d DCA 2004). Therefore, an “excessive bond, depending on the financial resources of the defendant, is tantamount to no bond at all.” Camara v. State, 916 So.2d 946, 947 (Fla. 3d DCA 2005) (citing Winer v. Spears, 771 So.2d 621, 622 (Fla. 3d DCA 2000); Mesidor v. Neumann, 721 So.2d 810 (Fla. 4th DCA 1998)).
Here, the bond of $750,009 is excessive in light of the undisputed evidence of Me-haffie’s exemplary employment and armed service history and involvement in his community, along with his financial status. On the record presented here, I would find *436 the bond amount excessive. Accordingly, I dissent.