PER CURIAM
Petitioner, Richard Alfred Vetri, seeks a writ of habeas corpus for pretrial bond reduction. The petition for writ of habeas corpus is granted.
The record does not support the state’s contention that $50,000 is reasonable bail under the circumstances of this case. Defendant has lived and been employed in the local community for several years, has no prior record and has been adjudicated indigent. It appears that the source of bail monies would be a sister living in New Jersey. Although charged with sexual battery upon a child under 12 years of age, a capital felony, the state relied entirely at the bond hearing on defendant’s admission of a single act of touching. No other evidence, or even argument, concerning the circumstances of the alleged crime is contained in the record.
Once the trial court determines that bail is appropriate, the bail set must be reasonable, taking into account the factors contained in section 903.046, Florida Statutes. See Driggers v. Carson, 486 So.2d 25 (Fla. 1st DCA 1986). On this record, there is no basis to conclude that $50,000 is reasonable. Bail in the amount of $7,500 on the sexual battery charge is agreed to be reasonable by defendant. Bail in the amount of $1,000 on the charge of lewd and lascivious assault appears reasonable in the absence of any better record. It must be a condition of bail that petitioner have no contact whatsoever with the alleged victim or her siblings.
WRIT GRANTED.
DAUKSCH, PETERSON and GRIFFIN, JJ., concur.