721 So.2d 810 (1998)
Henry C. MESIDOR, Petitioner,
v.
Robert W. NEUMANN, as Sheriff of Palm Beach County, Florida, etc., et al., Respondent.
No. 98-3815
District Court of Appeal of Florida, Fourth District.
December 16, 1998.
Samuel T. Marshall, II, of Pickett, Fanelli & Marshall, P.A., West Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Rochelle L. Kirdy, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
We grant the petition of Henry C. Mesidor (Petitioner) for a writ of habeas corpus for reduction of pretrial bond.
*811 Although Petitioner was charged with an offense punishable by life in prison,[1] the state made no attempt at the bond hearing to show that the proof was evident or the presumption great, see State v. Arthur, 390 So.2d 717 (Fla.1980) (placing burden upon state, due to presumption of innocence prior to trial), thus apparently conceding Petitioner's entitlement to bond. We acknowledge that it is the burden of the accused seeking a reduction in bail to adduce evidence sufficient to overcome the presumption of correctness of the trial court's order. See State ex rel. Smith v. Untreiner, 246 So.2d 158 (Fla. 1st DCA), cert. denied, 250 So.2d 643 (Fla.1971). However, Petitioner demonstrated that he had ties to the community[2] and he had no prior criminal record. Taking into consideration that he was adjudicated indigent and had no property other than an automobile, we find that bond set at $200,000 was tantamount to no bond. See Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980); Vetri v. State, 558 So.2d 1097 (Fla. 5th DCA 1990); Cameron v. McCampbell, 704 So.2d 721 (Fla. 4th DCA 1998); Patterson v. Neuman, 707 So.2d 946 (Fla. 4th DCA 1998). Cf. Flores v. Cocalis, 453 So.2d 1198 (Fla. 4th DCA 1984).
Accordingly, we grant the petition and direct the trial court to hold a new bond hearing, and to set such conditions of Petitioner's pretrial release, including a reduced amount of bail, as are likely to protect the community, ensure Petitioner's presence at trial, and assure the integrity of the judicial process. See Fla. R.Crim. P. 3.131.
STEVENSON, GROSS and TAYLOR, JJ., concur.
NOTES
[1] Petitioner was charged with one count of sexual battery on a person with a mental defect, contrary to section 794.011(4)(e), Florida Statutes, a first degree felony, and one count of kidnaping, contrary to section 787.01(1)(a), Florida Statutes, a first degree felony punishable by life.
[2] Petitioner was employed at a full-time job and a part-time job at the time of his arrest, had been a resident of Palm Beach County for thirteen years, became a U.S. citizen two years ago, at which time he brought his a wife and four children here from Haiti, and presented the testimony of a local pastor who knew him for seven years.