PER CURIAM.
Brian Oneil Holloway petitions this court for a writ of habeas corpus, alleging that his motion to set bond was improperly denied by the trial court without a hearing. Since the record reflects that Holloway’s bail had already been set, we deny the petition.
Holloway was arrested and charged with trafficking in cocaine and conspiracy to traffic in cocaine, both in amounts which exceeded 400 grams. Holloway’s bail was initially set at $500,000 and remained at $500,000 following his first appearance. After the State amended its information to include two grand theft auto charges, Holloway filed a motion to set bond which falsely stated that no bail had yet been set. The circuit court denied the motion without a hearing. Holloway filed a motion for reconsideration in which he conceded that his bond had been set in the amount of $500,000. Not only was Holloway’s motion for reconsideration not authorized by rule 3.131 of the Florida Rules of Criminal Procedure, the motion was improperly based upon an allegation not contained in the original motion. A motion for reconsideration cannot properly be used as a vehicle to correct mistakes or errors contained in earlier pleadings. Therefore, the motion for reconsideration was properly denied.
Habeas corpus proceedings are appropriate to review a trial court’s denial of a motion to reduce bail before trial. See Fla. R.Crim. P. 3.131(d)(3). Here, since Holloway never properly sought a reduction in bail, we deny his petition. However, the denial is without prejudice to Holloway so that he can subsequently file a proper motion for modification in the circuit court.
PETITION DENIED.
COBB, HARRIS, and PALMER, JJ., concur.