855 So.2d 1206 (2003)
Martorell I. WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D03-2147.
District Court of Appeal of Florida, Fifth District.
October 10, 2003.
*1207 Kevin J. Mawn of Balgo, Onek and Mawn, P.A., Titusville, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Respondent.
PALMER, J.
Martorell Williams has filed a petition seeking a writ of habeas corpus, contending that his detention on a $1 million bail bond is illegal. Concluding that the trial court erred in failing to consider Williams' financial resources in setting the amount of his bail, we grant the petition and remand this matter to the trial court to hold a new bail hearing.[1]
Williams is charged with committing the crime of first degree premeditated murder. He was initially held on no bail but defense counsel filed a motion requesting the trial court to set bail. The court conducted an evidentiary hearing on the motion. Upon review of the evidence presented, the trial court determined that Williams was entitled to have bail set. However, the court set bail at $1 million after stating that it was not required to take Williams' financial resources into consideration.[2]
Section 903.046 of the Florida Statutes (2002) sets forth the factors which the trial court must consider when setting bail. Such factors include "the defendant's family ties; length of residence in the community; employment history; financial resources, and mental condition." See § 903.046(2)(c), Fla. Stat. (2001). Pursuant to the statute, the defendant's financial circumstances must be considered in determining the amount of a reasonable bail.
In light of the trial court's incorrect legal conclusion that Williams' financial circumstances need not be considered when determining a proper bail amount, the petition for writ of habeas corpus is granted and this cause is remanded so that the trial court can reconsider the motion to set bail, taking into consideration Williams' financial circumstances as well as all other relevant factors.[3]
PETITION GRANTED, CAUSE REMANDED.
ORFINGER and TORPY, JJ., concur.
NOTES
[1] Habeas corpus is the proper vehicle to review an order denying a motion to set or reduce bail. See Fla. R.Crim. P. 3.131(d)(3); see also Holloway v. State, 792 So.2d 588 (Fla. 5th DCA 2001).
[2] The following exchange took place:

Defense Counsel: ... the court needs to take into consideration [defendant's] resources.
The Court: I don't think that is required at all.
[3] We do not hold that the instant bond amount is necessarily excessive, only that the statute requires the court to consider the defendant's financial resources is setting the amount of bail.