921 So.2d 692 (2006)
Chester DYSON, Petitioner,
v.
Larry CAMPBELL, Sheriff of Leon County, Florida, Respondent.
No. 1D06-0303.
District Court of Appeal of Florida, First District.
February 3, 2006.
Nancy A. Daniels, Public Defender, Joel T. Remland, Assistant Public Defender, and Brandon J. Hill, Certified Legal Intern, Tallahassee, for petitioner.
Charlie Crist, Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Chester Dyson seeks habeas corpus relief, alleging that in light of his financial circumstances, the pretrial bond amount set by the circuit court is tantamount to no bond at all. We deny the petition on the merits.
Dyson is charged by information with burglary of a dwelling with person assaulted, a first degree felony punishable by life, and robbery, a second degree felony. At first appearance, his bond was set at $50,000. On Dyson's motion, that bond was subsequently reduced to $25,000 for the burglary charge and $10,000 for the robbery charge. Despite the trial court's *693 decision to reduce his bond, Dyson claims an entitlement to habeas corpus relief because his financial resources are not such that he can satisfy even the reduced bond amount.
We are well aware of the body of case law essentially holding that the setting of an excessive bond is the functional equivalent of setting no bond at all, and that the remedy of habeas corpus relief lies in such a circumstance. See, e.g., Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980). It does not follow, however, that where a defendant testifies that he cannot meet a given bond amount, that bond is per se excessive or unreasonable. In addition to a defendant's financial resources, a trial court must consider a host of other factors in determining whether to release the defendant on bail or other conditions, and if so, what bail or other conditions are appropriate. See Fla. R.Crim. P. 3.131; § 903.046, Fla. Stat. (2005). In this case, few if any of those factors weigh in petitioner's favor, and insofar as it relates to monetary conditions, we decline to adopt petitioner's view that "reasonable conditions" of pretrial release necessarily means conditions that the defendant can reasonably meet.
We are satisfied based on our review of the record that the trial judge in this case made a conscientious and reasoned decision concerning the appropriate conditions of pretrial release. In doing so, the trial judge neither committed legal error nor abused her discretion. Accordingly, the petition for writ of habeas corpus is denied.
PETITION DENIED.
BARFIELD, WOLF and BROWNING, JJ., concur.