966 So.2d 490 (2007)
Michael D. ROGERS, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D07-4288.
District Court of Appeal of Florida, First District.
October 15, 2007.
*491 Steven P. Glazer, Tallahassee, for Petitioner.
Bill McCollum, Attorney General; Philip W. Edwards and C. Bowen Robinson, Assistant Attorneys General, Tallahassee, for Respondent.
PER CURIAM.
The petition for writ of habeas corpus was previously denied by unpublished order without prejudice to further proceedings in the trial court. We now provide the following opinion to set forth our reasoning for this ruling.
Michael Rogers is charged with capital sexual battery pursuant to section 794.011(2)(a), Florida Statutes, in the Circuit Court for Wakulla County. After his arrest he was ordered held without bail. The state sought to show that the proof of guilt was evident or the presumption great, thus precluding release under Article I, section 14 of the Florida Constitution. The defense moved for pretrial release on reasonable conditions and the court and the parties agreed to a consolidated hearing on the motions. The defense presented the expert testimony of mental health professionals who opined that Rogers' risk of re-offending was low to moderate. The state's witnesses were investigators who described the evidence against the defendant. The trial court concluded that the state had not met its burden and that the defendant was entitled to pretrial release. Bail was set at $500,000.
Rogers petitions for a writ of habeas corpus, arguing that the amount of bail is far in excess of his ability to pay and therefore tantamount to no bail. However, no evidence was presented at the hearing regarding the defendant's financial circumstances or ties to the community. Counsel made certain representations to the court regarding his client's finances but these statements were not competent evidence. Neal v. State, 697 So.2d 903 (Fla. 2d DCA 1997). In the absence of a record which demonstrated that the amount of bail was beyond the ability of this defendant to meet, we concluded the habeas corpus petition must be denied and so ordered.
We acknowledge cases such as Camara v. State, 916 So.2d 946 (Fla. 3d DCA 2005) where the court granted habeas corpus and remanded for an additional hearing in similar circumstances. We find this to be an inappropriate use of the writ and decline to employ it or to follow Camara to the extent it suggests granting of the petition is the proper procedure when the case is in this posture.
PETITION DENIED WITHOUT PREJUDICE.
WOLF, BENTON and HAWKES, JJ., concur.