987 So.2d 140 (2008)
R.L., Appellant,
v.
Jim SHANKS, Administrator Park Place Behavioral, etc, Appellee.
No. 5D07-3534.
District Court of Appeal of Florida, Fifth District.
July 11, 2008.
James S. Purdy, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
No Appearance for Appellee.
PALMER, C.J.
R.L. appeals the final order entered by the trial court which denied her petition seeking habeas corpus relief. Determining that R.L. failed to meet her burden of proving error, we affirm.
R.L. was detained at Park Place Behavioral Health Care after a physician initiated an involuntary mental health examination. R.L. alleges that shortly thereafter she was given medication "in a non-authorized manner", claiming that Park Place utilized Emergency Treatment Orders to justify the administration of various medications to her even though no actual emergency existed. She filed a petition seeking a writ of habeas corpus, requesting relief in the form of an order directing Park "to immediately cease and desist the abuse of an authorized procedure, to wit: Emergency Treatment Orders", and "to immediately obtain permission from a competent adult prior to administering any treatment except in an emergency". The trial court denied the habeas corpus petition. This appeal timely followed.
*141 R.L. argues that she was entitled to receive habeas corpus relief on behalf of herself and other patients similarly situated. We disagree.
Section 394.459 of the Florida Statutes (2006) authorizes patients to obtain habeas corpus relief when "the patient is being unjustly denied a right or privilege granted herein or that a procedure authorized herein is being abused." Here, R.L.'s habeas corpus petition alleged that Park Place Behavioral Health Care was violating her right to receive proper medical treatment. However, no evidence (such as affidavits or verified pleadings) was submitted to support the claim. Since R.L. failed to present the trial court with any evidence to support her claim, the trial court did not err in denying her petition. See generally Rogers v. State, 966 So.2d 490 (Fla. 1st DCA 2007)(holding that bail set at $500,000 on charge of capital sexual battery did not entitle pre-trial detainee to a writ of habeas corpus without evidence of detainee's financial circumstances or ties to the community; counsel's representations to the court regarding his client's finances were not competent evidence).
AFFIRMED.
LAWSON and EVANDER, JJ., concur.