PER CURIAM.
Petitioner, Neil Leonard Robinson, Jr. (“Robinson”), petitions this Court for a writ of habeas corpus, contending that his pretrial detention under a $500,000 bail bond is illegal.[1] We conclude that the trial court set an excessive amount of bail, which is the functional equivalent of no bail. Consequently, we grant the petition, quash the order denying Robinson’s motion for reduction of bond, and remand for further proceedings.
Robinson was arrested and charged with two counts of aggravated child abuse, first-degree felonies in violation of section 827.03(2), Florida Statutes (2012). Robinson’s cumulative bail was set at $500,000 at his first appearance hearing. Robinson then moved to reduce his bond. Following a hearing, the trial court denied the motion, finding that the bail amount was reasonable under the circumstances. In so ruling, the trial court failed to take into account the statutory factors contained in section 903.046, Florida Statutes (2012).
We acknowledge that an accused seeking a reduction in bail has the burden to adduce evidence sufficient to overcome the presumption of correctness of the trial court’s order. See Mesidor v. Neumann, 721 So.2d 810, 811 (Fla. 4th DCA 1998). Evidence of Robinson’s financial status, attendance at court proceedings, family ties, long-term residence in the community and employment history was sufficient to show that bail in the amount of $500,000 was excessive. While Robinson has some financial resources, the record demonstrates that $500,000 is well beyond his financial abilities. Because “[b]ail should not be fixed in so excessive an amount as to preclude the probability of the accused’s being able to furnish it,” Matera v. Buchanan, 192 So.2d 18, 20 (Fla. 3d DCA 1966), we conclude that the bail is excessive, particularly given his ties to the community and *439 employment. See, e.g., Leighton v. State, 55 So.3d 675, 676 (Fla. 5th DCA 2011) (determining that bail in amount of $1,600,000 for twenty-three-year-old defendant charged, inter alia, with attempted first-degree murder was excessive based on defendant’s financial status); Mesidor, 721 So.2d at 811 (finding $200,000 bail on life felony unreasonable where defendant had ties to community and no prior criminal record, was adjudicated indigent, and had no property other than automobile); Cameron v. McCampbell, 704 So.2d 721, 722-23 (Fla. 4th DCA 1998) (holding that one million dollar bail excessive where evidence is insufficient to show that petitioner could meet bail).
Accordingly, we grant the petition and direct the trial court to promptly hold a new bond hearing, taking into consideration Robinson’s financial circumstances as well as all other relevant factors. See § 908.046(2), Fla. Stat. (2012); Fla. R.Crim. P. 3.131.
PETITION GRANTED; REMANDED.
ORFINGER, C.J., TORPY and EVANDER, JJ., concur.

. A petition for writ of habeas corpus in' the appellate court is the appropriate way to challenge a trial court’s ruling on the conditions of pretrial release. See State ex rel. Scaldeferri v. Sandstrom, 285 So.2d 409, 412-13 (Fla.1973).