PER CURIAM.
Peter Sylvester seeks a writ of habeas corpus, claiming his detention on a $600,000 bond is unreasonable. We have jurisdiction. See Fla. R. Crim. P. 3.131(d)(3). Because it does not appear the trial court considered Sylvester’s financial resources in setting the amount of his bail, we grant the petition and remand this matter to the trial court for further consideration.[1]
Sylvester was arrested and charged in Brevard County with scheme to defraud, exploitation of a disabled adult, and grand theft, all first degree felonies. Bail was set in the amount of $250,000 on each charge, for a total amount of $750,000. Sylvester then filed a motion for bond reduction, and after a hearing, bond was reduced to a total amount of $600,000 ($200,000 per count). In setting bond in the amount that it did, the trial court noted that Sylvester’s offenses constituted “major fraud.”
When considering whether to release a defendant on bail or other conditions, the trial court must consider the nature and circumstances of the offense charged, the weight of evidence against the defendant, the defendant’s family ties, length of residence in the community, employment history, financial resources, and past and present conduct. § 903.046(2), Fla. Stat. (2012); see also Fla. R. Crim. P. 3.131(b)(3); Williams v. State, 855 So.2d 1206, 1207 (Fla. 5th DCA 2003). The court may also consider the source of funds used to post bail and any other facts the court considers relevant. See Fla. R. Crim. P. 3.131(b)(3); see also § 903.046(2)(f) and (k), Fla. Stat. (2012).
Although the trial court heard evidence at the bond hearing regarding Sylvester’s financial resources, it is not clear whether he took that evidence into consideration when setting bail.[2] Accordingly, we grant the petition and remand for the trial court to reconsider the motion to reduce bond, taking into consideration Sylvester’s financial circumstances, as well as all other relevant factors, and to include appropriate findings in the order.[3]
PETITION GRANTED, CAUSE REMANDED.
SAWAYA, EVANDER and BERGER, JJ., concur.

. The trial court may either rely on the evidence presented at the first hearing or conduct a new hearing.

. Petitioner's appendix only includes the hearing transcript. The motion for bond reduction is not provided, nor the written order reducing bond.

.We do not hold that the bond amount is necessarily excessive.