IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DENNIS MEHAFFIE,

     Petitioner,

v.

JOHN RUTHERFORD AS
SHERIFF OF DUVAL COUNTY,

     Respondent.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2804

Opinion filed July 16, 2014.

Petition for Writ of Habeas Corpus -- Original Jurisdiction.

Wm. J. Sheppard, Elizabeth L. White, Matthew R. Kachergus and Bryan E. DeMaggio, of Sheppard, White Kachergus & DeMaggio, P.A., Jacksonville, for Petitioner.

Pamela Jo Bondi, Attorney General, and Kristen Bonjour, Assistant Attorney General, Tallahassee, for Respondent.

ROWE, J.

     Dennis Mehaffie petitions this court for a writ of habeas corpus asserting that his pretrial detention on a $750,009 bond is illegal. Because Mehaffie failed to demonstrate reversible error in the trial court's determination of bond, we deny the petition on the merits.

     Mehaffie, a 37-year-old man, was arrested in Jacksonville following an undercover operation by law enforcement. Mehaffie is charged with using a computer

to seduce, solicit, lure, or entice a child, traveling to meet a child after using a computer to seduce, solicit, lure, or entice a child, and unlawful use of a two-way communication device. At first appearance, bail was set in the amount of $250,003 for each charge, for a total amount of $750,009. Mehaffie filed a motion to reduce his bond.

At the evidentiary hearing on the motion to reduce bond, Mehaffie's father testified that Mehaffie lives in Valdosta, Georgia, where he is stationed in the military. Mehaffie does not have the funds to pay for the bond. His father is willing to pay, but the most he could pay would be $5,000. Mehaffie's parents, who live in Augusta, Georgia, represented to the trial court that Mehaffie could live with them, that they would make sure that Mehaffie appeared at his court appearances, and that they could ensure Mehaffie complied with any non-monetary conditions the court may require with a reduction in bond. Other evidence introduced at the bond hearing included: a report from a psychologist who evaluated Mehaffie and concluded that he was not at risk of sexual perpetration or aberrant behavior; performance reports from the military demonstrating that Mehaffie had exceeded his goals for the past seven years and had been active in community service projects. Mehaffie also introduced into evidence an order finding that he was indigent and eligible for court-appointed counsel, although his parents have hired private counsel to represent him.

The state also presented evidence and testimony at the hearing. Detective Michelle Jones testified that she participated in the undercover operation that led to Mehaffie's arrest. She testified that Mehaffie responded to a Craigslist ad and began conversing by text message with an undercover officer posing as a 13-year-old. Mehaffie asked where the undercover officer attended school. Mehaffie initiated the communications relating to sexual activities, and indicated specific sexual activities he would like to engage in. Mehaffie arrived at the home indicated by the undercover officer at 10:00 p.m., with condoms in his possession. Detective Jones interviewed him, and Mehaffie admitted that he believed the person he was talking to was 13 years old, and that he intended to have sexual intercourse with a 13-year-old. On cross-examination, Detective Jones testified that Mehaffie fully cooperated at the house and consented to her searching his phone.

After reviewing the evidence, the trial court denied Mehaffie's motion to reduce the bond, finding it reasonable in light of Mehaffie's risk of flight, the nature of the charges, and the danger to the community.

In his petition to this court, Mehaffie argues that his bond is excessive and tantamount to no bond at all because he does not have the resources to pay the bond, he has extensive ties to a nearby community, and poses no danger to the community. We disagree.

The determination of bail is generally left to the discretion of the trial court, and is reviewed under an abuse of discretion standard. Hernandez v. Roth, 890 So. 2d 1173, 1174 (Fla. 3d DCA 2004). "The purpose of a bail determination in criminal proceedings is to ensure the appearance of the criminal defendant at subsequent proceedings and to protect the community against unreasonable danger from the criminal defendant." § 903.046(1), Fla. Stat. (2013); Patterson v. Neuman, 707 So. 2d 946, 947 (Fla. 4th DCA 1998). In seeking a reduction in bail, an accused must present "evidence sufficient to overcome the presumption of correctness of the trial court's order." Robinson v. State, 95 So. 3d 437, 438 (Fla. 5th DCA 2012). Simply because a defendant testifies that he cannot meet a given bond amount does not mean the bond is *per se* excessive or unreasonable. See Dyson v. Campbell, 921 So. 2d 692, 693 (Fla. 1st DCA 2006). Further, "[i]n addition to a defendant's financial resources, a trial court must consider a host of other factors in determining whether to release the defendant on bail or other conditions, and if so, what bail or other conditions are appropriate." Id.

Here, the trial court properly considered that Mehaffie is a flight risk given that Mehaffie has no ties to the Jacksonville community or even to the State of Florida. Second, the court took into consideration the serious nature of the charges against Mehaffie in finding that he posed a clear and imminent threat of danger to the community. Third, the court determined that requiring Mehaffie to live at his parents'

home would not be sufficient to reduce the risk to the community because at the age of 37, Mehaffie lives outside the control of his parents.

Mehaffie did not present evidence to overcome the trial court's determinations. He presented no evidence of ties to the Jacksonville community or even to the State of Florida; rather, he introduced evidence only of his ties to his community in Valdosta, Georgia. Further, Mehaffie failed to present any evidence at the hearing regarding his financial circumstances. "In the absence of a record which demonstrated that the amount of bail was beyond the ability of this defendant to meet," the petition for habeas corpus must be denied. Rogers v. State, 966 So. 2d 490, 491 (Fla. 1st DCA 2007).

OSTERHAUS, J., CONCURS; CLARK, J., DISSENTS WITH OPINION.

CLARK, J., DISSENTING.

I respectfully dissent. I would grant the petition for writ of habeas corpus. On the record before us, I find the bond amount set by the trial court excessive, and thus tantamount to the denial of bond.

Arrested on charges of using a computer to seduce, solicit, lure, or entice a child, traveling to meet a child after using a computer to seduce, solicit, lure, or entice a child, and unlawful use of a two-way communication device, Petitioner's bond was set at $250,003 per count for a total of $750,009. Petitioner later filed an application for modification of bail, arguing that the amount of bond set was unreasonable and that non-monetary conditions could ensure the safety of the community and his presence at all future proceedings.

The testimony at the hearing on Mehaffie's motion established that he has been in the Air Force for over seventeen years, and is by all accounts a "good soldier." He has received numerous service medals and commendations, including one for deployment overseas. For at least the past seven years, Mehaffie has received the highest ratings in the performance reports given by the Air Force. Mehaffie has never gone "AWOL" and he has no prior criminal history. A psychologist who examined Mehaffie determined that he was at a low risk of entering into a sexually-inappropriate activity, and was not at risk of sexual perpetration or aberrant behavior. The testimony

also established that Mehaffie cannot afford to pay anything towards his bond, and in fact, the trial court has found him indigent.

Though stationed in Valdosta, Georgia, some two hours from Jacksonville, Mehaffie's father testified at the hearing that he and his wife, Mehaffie's mother, would be willing to have Mehaffie live with them in Augusta, Georgia, should the court require. If bond were reduced, Mehaffie's parents would assure that Mehaffie attended all court appearances, and they could make sure he did not use the internet, view pornography, access Craigslist, or have any unsupervised contact with minor children, if the court imposed such conditions.

The Florida Constitution entitles every person charged with a crime, except the most serious of crimes, to pretrial release on reasonable conditions. See Art. I, § 14, Fla. Const. When determining bail or other conditions, a trial court is to consider the nature and circumstances of the offense charged, the weight of the evidence against the defendant, the defendant's family ties, length of residence in the community, employment history, financial resources, past and present conduct, the nature and probability of danger which the defendant's release poses to the community, and other factors, including any the court considers relevant. See § 903.046(2), Fla. Stat. (2013); see also Fla. R. Crim. P. 3.131(b)(3).

"The purpose of a bail determination in criminal proceedings is to ensure the appearance of the criminal defendant at subsequent proceedings and to protect the

community against unreasonable danger from the criminal defendant." § 903.046(1), Fla. Stat. (2013). "[B]ail may not be used to punish an accused." Rodriguez v. McRay, 871 So. 2d 1001, 1003 (Fla. 3d DCA 2004). Therefore, an "excessive bond, depending on the financial resources of the defendant, is tantamount to no bond at all." Camara v. State, 916 So. 2d 946, 947 (Fla. 3d DCA 2005) (citing Winer v. Spears, 771 So. 2d 621, 622 (Fla. 3d DCA 2000); Mesidor v. Neumann, 721 So. 2d 810 (Fla. 4th DCA 1998)).

Here, the bond of $750,009 is excessive in light of the undisputed evidence of Mehaffie's exemplary employment and armed service history and involvement in his community, along with his financial status. On the record presented here, I would find the bond amount excessive. Accordingly, I dissent.