ROWE, J.
Dennis Mehaffie petitions this court for a writ of habeas corpus asserting that his pretrial detention on a $750,009 bond is illegal. Because Mehaffie failed to demonstrate reversible error in the trial court’s determination of bond, we deny the petition on the merits.
Mehaffie, a 37-year-old man, was arrested in Jacksonville following an undercover operation by law enforcement. Me-haffie is charged with using a computer to seduce, solicit, lure, or entice a child, traveling to meet a child after using a computer to seduce, solicit, lure, or entice a child, and unlawful use of a two-way communication device. At first appearance, bail was set in the amount of $250,003 for each charge, for a total amount of $750,009. Mehaffie filed a motion to reduce his bond.
At the evidentiary hearing on the motion to reduce bond, Mehaffie’s father testified that Mehaffie lives in Valdosta, Georgia, where he is stationed in the military. Me-haffie does not have the funds to pay for the bond. His father is willing to pay, but the most he could pay would be $5,000. Mehaffie’s parents, who live in Augusta, Georgia, represented to the trial court that Mehaffie could live with them, that they would make sure that Mehaffie appeared at his court appearances, and that they could ensure Mehaffie complied with any non-monetary conditions the court may require with a reduction in bond. Other evidence introduced at the bond hearing included: a report from a psychologist who evaluated Mehaffie and concluded that he was not at risk of sexual perpetration or aberrant behavior; performance reports from the military demonstrating that Me-haffie had exceeded his goals for the past seven years and had been active in community service projects. Mehaffie also introduced into evidence an order finding that he was indigent and eligible for court-appointed counsel, although his parents have hired private counsel to represent him.
The state also presented evidence and testimony at the hearing. Detective Michelle Jones testified that she participated in the undercover operation that led to Mehaffie’s arrest. She testified that Me-haffie responded to a Craigslist ad and began conversing by text message with an undercover officer posing as a 13-year-old. Mehaffie asked where the undercover officer attended school. Mehaffie initiated the communications relating to sexual ac *434 tivities, and indicated specific sexual activities he would like to engage in. Mehaffie arrived at the home indicated by the undercover officer at 10:00 p.m., with condoms in his possession. Detective Jones interviewed him, and Mehaffie admitted that he believed the person he was talking to was 13 years old, and that he intended to have sexual intercourse with a 13-year-old. On cross-examination, Detective Jones testified that Mehaffie fully cooperated at the house and consented to her searching his phone.
After reviewing the evidence, the trial court denied Mehaffie’s motion to reduce the bond, finding it reasonable in light of Mehaffie’s risk of flight, the nature of the charges, and the danger to the community.
In his petition to this court, Mehaffie argues that his bond is excessive and tantamount to no bond at all because he does not have the resources to pay the bond, he has extensive ties to a nearby community, and poses no danger to the community. We disagree.
 The determination of bail is generally left to the discretion of the trial court, and is reviewed under an abuse of discretion standard. Hernandez v. Roth, 890 So.2d 1173, 1174 (Fla. 3d DCA 2004). “The purpose of a bail determination in criminal proceedings is to ensure the appearance of the criminal defendant at subsequent proceedings and to protect the community against unreasonable danger from the criminal defendant.” § 903.046(1), Fla. Stat. (2013); Patterson v. Neuman, 707 So.2d 946, 947 (Fla. 4th DCA 1998). In seeking a reduction in bail, an accused must present “evidence sufficient to overcome the presumption of correctness of the trial court’s order.” Robinson v. State, 95 So.3d 437, 438 (Fla. 5th DCA 2012). Simply because a defendant testifies that he cannot meet a given bond amount does not mean the bond is per se excessive or unreasonable. See Dyson v. Campbell, 921 So.2d 692, 693 (Fla. 1st DCA 2006). Further, “[i]n addition to a defendant’s financial resources, a trial court must consider a host of other factors in determining whether to release the defendant on bail or other conditions, and if so, what bail or other conditions are appropriate.” Id.
Here, the trial court properly considered that Mehaffie is a flight risk given that Mehaffie has no ties to the Jacksonville community or even to the State of Florida. Second, the court took into consideration the serious nature of the charges against Mehaffie in finding that he posed a clear and imminent threat of danger to the community. Third, the court determined that requiring Mehaffie to live at his parents’ home would not be sufficient to reduce the risk to the community because at the age of 37, Mehaffie lives outside the control of his parents.
Mehaffie did not present evidence to overcome the trial court’s determinations. He presented no evidence of ties to the Jacksonville community or even to the State of Florida; rather, he introduced evidence only of his ties to his community in Valdosta, Georgia. Further, Mehaffie failed to present any evidence at the hearing regarding his financial circumstances. “In the absence of a record which demonstrated that the amount of bail was beyond the ability of this defendant to meet,” the petition for habeas corpus must be denied. Rogers v. State, 966 So.2d 490, 491 (Fla. 1st DCA 2007).
OSTERHAUS, J., concurs; CLARK, J., dissents with opinion.