NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MONICA NORTON-NUGIN,                )
                                    )
            Petitioner,             )
                                    )
v.                                  )       Case No. 2D15-3938
                                    )
STATE OF FLORIDA,                   )
                                    )
            Respondent.             )
_____)

Opinion filed December 2, 2015.

Petition for Writ of Habeas Corpus to the
Circuit Court for Sarasota County; Debra
Johnes Riva, Judge.

Larry L. Eger, Public Defender, and
Aaron Getty, Assistant Public Defender,
Sarasota, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs Cline,
Assistant Attorney General, Tampa, for
Respondent.


PER CURIAM.


Monica Norton-Nugin petitioned this court for a writ of habeas corpus

contending that she was being held illegally on an excessive bond. We granted relief in

a previous order and remanded to the trial court with directions to determine a

reasonable bond and provide for Norton-Nugin's pretrial release with special conditions to ensure the safety of the community and her children. See § 907.041(3)(a), (4)(b), Fla. Stat. (2015). This opinion now follows.

The State has charged Norton-Nugin with two counts of aggravated child abuse without great bodily harm and two counts of child neglect without great bodily harm. Each charge is a third-degree felony. Norton-Nugin and her live-in boyfriend are alleged to have repeatedly beaten two of her children. The Department of Children and Families has placed the children in the care of family members.

The trial court originally set Norton-Nugin's bond at $800,000 ($200,000 per charge). She filed a motion for bond reduction on the ground that she could not afford to post a bond in that excessive amount.

At the hearing on her motion, Norton-Nugin, who is twenty-four years old, testified that her only asset is a car worth $2500. She promised that if released, she would (1) appear in court; (2) refrain from using alcohol and drugs; and (3) have no contact with her boyfriend, her children, or any other children. Her counsel advised the court that Norton-Nugin has been in the area for fourteen or fifteen years. She has three children, numerous family members in the area, and can stay with her grandparents if released. Counsel maintained that Norton-Nugin was not a danger to the community and asked the court to put her on "high supervised release" pending disposition of the charges.

The State argued that the abuse was ongoing. While it appeared that Norton-Nugin did not have a criminal record, the State nevertheless claimed that she

was a danger to the community and the victims. As such, the State contended that the original bond was appropriate.

At the conclusion of argument, the trial court announced that it took into consideration Norton-Nugin's financial situation, her lack of criminal history or prior failures to appear, whether she was a danger to the community, and the seriousness of the charges. It found that a monetary bond was appropriate to ensure that Norton-Nugin would appear in court, especially given the seriousness of the charges and danger to the victims. The trial court reduced the bond to $50,000 for each aggravated child abuse charge and to $25,000 for each child neglect charge, for a total of $150,000. It imposed the following special conditions: (1) highly supervised release; (2) no contact with her boyfriend, the victims, or any other children in the community; (3) no alcohol or illegal drug use; and (4) random urine analyses.

In her petition, Norton-Nugin argues that requiring her to post a bond of $150,000 as a condition of her release violates her right to a presumption of innocence, her right to be free from excessive bail, and her right to pretrial release on reasonable conditions guaranteed by the Florida Constitution. See art. I, § 14, Fla. Const. We agree.

A petition for writ of habeas corpus is the proper method to seek review of an order setting pretrial release conditions. See Fla. R. Crim. P. 3.131(d)(3). A trial court's determination of the amount for bail or bond and conditions of release is discretionary and subject to reversal only if that discretion is abused. Mehaffie v. Rutherford, 143 So. 3d 432, 434 (Fla. 1st DCA 2014).

The legislative "purpose of a bail determination in criminal proceeding is to ensure the appearance of the criminal defendant at subsequent proceedings and to protect the community against unreasonable danger from the criminal defendant." § 903.046(1), Fla. Stat. (2015). This court explained in Pinellas County v. Robertson, 490 So. 2d 1041, 1042 (Fla. 2d DCA 1986), that the:

> [P]rimary purposes of bail in a criminal case are to relieve the accused of imprisonment, to relieve the state of the burden of detaining the accused pending the trial, and to place the accused as much under the power of the court as if he were in custody of the proper officer.

But the amount of bail cannot be used to punish an accused. Rodriguez v. McRay, 871 So. 2d 1001, 1003 (Fla. 3d DCA 2004). While we recognize the deference generally given to a court's discretionary decision, we hold the trial court abused that discretion in this case by setting the amount of Norton-Nugin's bond at $150,000 on four third-degree felony charges. Because her only asset is a car worth $2500, a bond set at $150,000 is like having no bond at all. See, e.g., Sylvester v. State, 39 Fla. L. Weekly D1194 (Fla. 5th DCA Jun. 13, 2014) (granting petition and remanding for trial court to reconsider accused's financial resources even after it had reduced bond from $800,000 to $150,000 on three first-degree felony charges); Alexander v. Broward Cty. Sheriff's Office, 6 So. 3d 707, 708 (Fla. 4th DCA 2009) (concluding that bond amount of $1,251,100 on drug possession, trafficking, and obstructing a police officer without violence, was excessive where evidence showed that the accused earned $17,000 annually, lived in the community for a long time, had no property or assets for use as

- 4 -

collateral for bond; and state produced no evidence that she would fail to appear in court).

No evidence in this record supports a conclusion that Norton-Nugin is a flight risk. The special conditions of her release protect the community at large and children in the community, including her own. Thus, the purposes of pretrial release can be accomplished without requiring Norton-Nugin to post a $150,000 bond, which is a punitive and excessive amount.

Accordingly, in our prior order we granted the petition, quashed that part of the order setting the amount of the bond, and remanded with directions to determine a reasonable bond and provide for the petitioner's pretrial release with special conditions to ensure the safety of the community and her children.

Petition granted.


KELLY, WALLACE, and LUCAS, JJ., Concur.