WINSOR, J.
The State charged Brittany Knight with one count of aggravated manslaughter of a child, a first-degree felony. See § 782.07(3), Fla. Stat. (2015). Knight was a daycare worker who, according to the indictment, caused a child’s death “by exposing the child to diphenhydramine and/or placing the child in unsafe sleeping conditions.” She faces a potential thirty-year sentence if convicted. See § 775.082(3)(b)(l), Fla. Stat. (2015).
Although Knight’s bail was originally set at $500,000, the trial court halved it to $250,000 after Knight moved for a reduction. Contending the reduced amount is still too high, Knight petitioned this court for a writ of habeas corpus.
Knight asserts two alternative bases for relief: First, she argues that the $250,000 bail is excessive, in violation of the Eighth Amendment and the Florida Constitution. Separately, she argues that even if the bail is not constitutionally excessive, the trial court violated her procedural and substantive due process rights under the Fourteenth Amendment. Knight cannot succeed on either basis.
I.
Below, Knight argued that $250,000 bail is excessive in light of the thirty years she has lived in the area, her “significant family ties to the community,” her lack of criminal history, and the fact that she remained in town after the child’s death and before her indictment. Knight testified that she had essentially no assets, that she earned only nine dollars per hour at the time of her arrest, and that she had family in the area.
In response, the State noted the seriousness of the crime, and it presented a statement from the victim’s mother (through a letter the victim advocate read into the *1021 record without objection). The victim’s mother expressed fear Knight would flee or harm other children if released. She asked the court to keep Knight’s bail “as high as possible.”
After presenting her evidence, Knight asked the court to release her on her own recognizance or, alternatively, to set bail at $10,000. The court rejected those requests but did lower the bail to $250,000. The court also imposed other nonmonetary conditions of release, including that Knight undergo drug testing and have no contact with children other than her own. Knight remains in jail because she is unable to satisfy the monetary condition.
Although a trial court has broad discretion in determining bail, see, e.g., Mehaffie v. Rutherford, 143 So.3d 432, 434 (Fla. 1st DCA 2014), Knight argues with some force that the trial court abused that discretion in this instance. She cites examples of other cases in which appellate courts granted habeas relief, and some of those cases (although not controlling) at least tend to support Knight’s argument that $250,000 is excessive on the facts here. See, e.g., Mesidor v. Neumann, 721 So.2d 810, 811 (Fla. 4th DCA 1998) (granting habeas relief to defendant with community ties and no criminal history, but who faced a potential life sentence after being charged with sexual battery and kidnapping, because “[tjaking into consideration that he was adjudicated indigent and had no property other than an automobile,” $200,000 was too high); see also Robinson v. State, 95 So.3d 437, 438-39 (Fla. 5th DCA 2012) (finding $500,000—which was “well beyond [defendant’s] financial abilities”—excessive, considering defendant’s “ties to the community and employment”). Moreover, the trial court here made no factual findings and offered no explanation of its ruling, making our review more difficult. Compare Sylvester v. State, 175 So.3d 813, 813 (Fla. 5th DCA 2014) (granting petition, ordering further consideration, and requiring “appropriate findings in the order,” after concluding it was unclear whether the trial court considered the proper factors), with Dyson v. Campbell, 921 So.2d 692, 693 (Fla. 1st DCA 2006) (approving bond reduction after concluding the trial court “made a conscientious and reasoned decision concerning the appropriate conditions of pretrial release”).
Nevertheless, Knight cannot satisfy her burden by just showing that $250,000 is excessive; she must also show that any amount over $10,000 would be excessive. This is because she has maintained throughout the case that she could afford no more than $10,000. Her counsel acknowledged at oral argument that any higher amount would leave her in precisely the same situation she now faces—held based on her inability to satisfy the monetary condition. Therefore, unless we conclude that the trial court must set bail at $10,000 or less—a conclusion we cannot accept *—ordering a reduced bail would be “at most an idle gesture.” Ex parte Smith, 141 Fla. 434, 193 So. 431, 435 (1940) (denying excessive-bail claim because the record showed defendant “could not make bail in any appreciable amount”).
II.
Knight’s independent, alternative argument is that even if her bail is not exces *1022 sive, the court still violated her constitutional rights. In Knight’s view, whenever bail is beyond a defendant’s ability to pay (even if not constitutionally excessive), the defendant must be released unless the State can prove—by at least clear and convincing evidence—that no nonmonetary condition could suffice to ensure her appearance at trial. Knight’s counsel acknowledged at oral argument that no Florida decision had adopted such a view, and her request here is indeed a tall order. But we need not consider this sweeping argument because Knight did not present it below.
Although her habeas petition falls within this court’s original jurisdiction, Knight is not excused from the requirement that she first raise her arguments below. See T.L.W. v. Soud, 645 So.2d 1101, 1105 (Fla. 1st DCA 1994) (applying preservation rule to habeas cases challenging detention); see also M.C. v. Medlin, 711 So.2d 44, 44 (Fla. 1st DCA 1998) (citing T.L.W. and denying habeas relief because petitioner “does not show that the arguments in support of release have been previously made in the trial court”). This requirement affords the trial court an opportunity to resolve the issues without this court’s involvement, and—where this court is involved—it provides us “with a record of the parties’ arguments and the trial court’s disposition thereof.” T.L.W., 645 So.2d at 1105.
DENIED.
RAY, J., CONCURS; LEWIS, J., CONCURS IN RESULT WITHOUT OPINION.

 Knight notes in her petition that Florida’s Second Judicial Circuit uses a Uniform Bond Schedule, which includes $25,000 for first-degree felonies. See Pet. at 7 (citing https:// cvweb.clerk.leon.fl.us/public/clerk_services/ officiaLrecords/downloacLdocument.asp? book=3455&page=448). Although Knight cites this to support her claim that $250,000 is excessive (ten times the schedule’s figure), it is noteworthy that by Knight's own admission, she could not satisfy even the scheduled amount.