The petitioner's petition for writ of habeas corpus is granted only to the extent that the order setting bond at a total of $400,000 is quashed as unreasonable under the circumstances presented at the hearing on the petitioner's motion for bond reduction. We note that although the petitioner has been incarcerated for more than two years and the State conceded at the hearing on the petitioner's bond reduction that the petitioner is "certainly entitled to bond," the trial court made no factual findings and offered no explanation for its ruling. We further note that the appendices before this court do not demonstrate that $50,000 is reasonable under the circumstances. See Knight v. State, 213 So. 3d 1019, 1021 (Fla. 1st DCA 2017) ("Knight cannot satisfy her burden by just showing that $250,000 is excessive; she must also show that any amount over $10,000 would be excessive."). To the extent that the petition challenged the additional nonmonetary conditions of pretrial release, the petition for writ of habeas corpus is denied. The trial court shall forthwith make a new determination of reasonable bond and pretrial conditions, giving due consideration to the factors set out in section 903.046, Florida Statutes (2018). The parties may be given an opportunity to present additional evidence if the trial court deems it necessary. See Good v. Willie, 382 So. 2d 408, 411 (Fla. 4th DCA 1990).
CASANUEVA, SALARIO, and ATKINSON, JJ., Concur.