# Third District Court of Appeal

## State of Florida

Opinion filed February 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0249
Lower Tribunal No. F21-16623
_____

**Michael Arslanian,**
Petitioner,

vs.

**Daniel Junior, et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Deborah Prager, Assistant Public Defender, for petitioner.

Ashley Moody, Attorney General, and Richard L. Polin, Assistant Attorney General, for respondent The State of Florida.

Before SCALES, LINDSEY, and MILLER, JJ.

MILLER, J.

Petitioner, Michael Arslanian, seeks relief in habeas corpus, contending his motion for bond modification was denied without adequate regard for his financial circumstances. For the reasons that follow, we deny the petition.

**BACKGROUND**

After Arslanian was alleged to have discharged a firearm from a vehicle, striking an occupied residence, a first appearance judge found probable cause for shooting a deadly missile, discharging a firearm from a vehicle, and possession of a firearm by a convicted felon. The judge set a standard bond in the amount of $22,500.

At arraignment, the State filed a felony information charging Arslanian with the first two counts only, and the bond remained unchanged. Arslanian subsequently filed a written motion for a bond modification, seeking release on electronic monitoring to a residential substance abuse and mental health treatment facility. In the motion, he alleged that although he had strong community ties and did not pose a risk of flight, he had no savings or source of income to apply to the payment of the bond.

The trial judge convened a hearing, at the outset of which he stated he had reviewed the modification motion. During the hearing, the defense asserted that Arslanian's indigency and community ties weighed in favor of

2

supervised release, while the State argued that the circumstances of the crime, including the allegation Arslanian uploaded video footage of the shooting to his Instagram page, and an extensive criminal history warranted standard bond. After the parties presented their respective arguments, the trial court denied the motion, finding Arslanian posed a flight risk and danger to the community. The defense then requested to elicit testimony from Arslanian regarding his economic circumstances. The trial court granted the request, but no further argument was had. The instant petition ensued.

## LEGAL ANALYSIS

In these proceedings, Arslanian relies upon a line of authority espousing the proposition that the failure by the trial court to explicitly address a defendant's financial resources in considering a requested bond reduction merits relief in habeas corpus. See Sylvester v. State, 175 So. 3d 813, 814 (Fla. 5th DCA 2014); Yearby v. State, 306 So. 3d 1141, 1443 (Fla. 3d DCA 2020). We begin our analysis by examining the relevant constitutional and statutory directives relating to pretrial release.

Although a trial court has broad discretion in determining release conditions, article I, section 14 of the Florida Constitution provides,

> Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to

3

pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.

See also Fla. R. Crim. P. 3.131(a). In determining what constitutes "reasonable conditions" in any given case, we have previously held that "in order to make a bond determination and exercise its discretion, the trial court must take evidence and make findings on the statutory factors for setting conditions for pretrial release." Diaz v. Junior, 46 Fla. L. Weekly D2352, D2352 (Fla. 3d DCA Nov. 3, 2021). As pertinent here, among those statutory factors the trial court is required to consider are: "[t]he defendant's family ties, length of residence in the community, employment history, financial resources, and mental condition." § 903.046(2)(c), Fla. Stat. (2021); see also Fla. R. Crim. P. 3.131(b)(3). Consideration of financial resources is of particular importance, as this court has previously observed "excessive bond, depending on the financial resources of the defendant, is tantamount to no bond at all." Camara v. State, 916 So. 2d 946, 947 (Fla. 3d DCA 2005).

In the instant case, Arslanian correctly contends the trial court failed to explicitly address his lack of financial resources in denying the modification motion. The notion, however, that the trial court did not consider his financial resources is dispelled by the record before us. Of initial note, the trial judge

4

commenced the hearing by indicating he had reviewed the motion for modification of release conditions. The judge then repeated "I have read the motion." Detailed within the motion were the economic circumstances purportedly precipitating the request for modification. Moreover, the trial court did not issue any ruling until after Arslanian argued he was indigent and lacked sufficient financial resources to satisfy a cash bail.

Further, unlike the cases cited in support of habeas relief, here, Arslanian did not seek a reduction in bail. Instead, he only sought nonmonetary release. In furtherance of his position, he argued he had no resources available to pay any amount of bail. The logical inference to be drawn from this argument is that bail in any amount would have been excessive.

In <u>Knight v. State</u>, 213 So. 3d 1019 (Fla. 1st DCA 2017), our sister court addressed an analogous habeas petition. There, the First District Court of Appeal considered whether bail in the amount of $250,000 was excessive for a defendant with only $10,000 in available funds. Although the trial court had failed to render factual findings, the appellate court nonetheless denied habeas relief, cogently reasoning:

> Knight cannot satisfy her burden by just showing that $250,000 is excessive; she must also show that any amount over $10,000 would be excessive. This is because she has maintained throughout the case that she could afford no more than $10,000.

5

> Her counsel acknowledged at oral argument that any higher amount would leave her in precisely the same situation she now faces—held based on her inability to satisfy the monetary condition. Therefore, unless we conclude that the trial court must set bail at $10,000 or less—a conclusion we cannot accept—ordering a reduced bail would be "at most an idle gesture."

Knight, 213 So. 3d at 1021 (footnote omitted) (quoting Ex parte Smith, 193 So. 431, 435 (1940)).

Drawing upon the logic advanced in Knight, we reject the proposition that where a defendant lacks sufficient financial resources to satisfy cash bail, a trial court is required to impose nonmonetary release conditions. This would render the remaining statutory factors superfluous and divest the trial court of any meaningful discretion in determining reasonable release conditions.

Finally, it bears note that it was not until the trial court rendered ruling that Arslanian sought to supplement the record with financial testimony. Despite the fact he was allowed full access to the record, Arslanian made no further argument and did not raise any deficiency in the ruling below. "Although [his] habeas petition falls within this court's original jurisdiction, [Arslanian] is not excused from the requirement that [he] first raise his argument below." Id. at 1022. By affording "the trial court an opportunity to resolve the issues," this requirement obviates any need for our intervention. Id.

6

Accordingly, we conclude that relief in habeas corpus does not lie, and we therefore deny the petition.

Petition denied.