# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-0071
_____

DANIEL JULIO DOMINGUEZ,

Petitioner,

v.

MAJOR JEFF CLOUTIER, Director,
Alachua County Department of
the Jail,

Respondent.

_____

Petition for Writ of Habeas Corpus—Original Jurisdiction.

January 31, 2024

ON EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS

PER CURIAM.

Having reviewed Respondent's return, it is the judgment of the Court that Petitioner shall be released on Monday, February 5, 2024, at noon, unless the trial court enters an order setting reasonable conditions of pretrial release or conducts further proceedings and enters an order under section 907.041(5)(c), Florida Statutes. No costs or charges are awarded to either party.

LEWIS and LONG, JJ., concur; RAY, J., concurs with opinion.

*No Motions for Rehearing will be permitted.*

RAY, J., concurs with opinion.

The Florida Constitution guarantees that a presumptively innocent individual will be released prior to trial on reasonable conditions. Art. I, § 14, Fla. Const. Because the petitioner is not charged with a capital offense or an offense punishable by life in prison, the only exception to this guarantee is if a court finds that no conditions of pretrial release can reasonably protect the community, ensure the presence of the accused, or ensure the integrity of the judicial process. *See id.* That has not occurred. Yet, the petitioner has been detained indefinitely based on nothing more than an arrest on probable cause. I therefore concur with the decision to order the petitioner's release unless the trial court enters an order setting reasonable conditions of pretrial release or conducts further proceedings and enters an order containing findings of fact and conclusions of law supporting pretrial detention.

The Florida Legislature has implemented the constitutional right to pretrial release by statute, and the Florida Supreme Court has adopted procedural rules for pretrial release determinations. *See* §§ 907.041, 903.046, Fla. Stat.; Fla. R. Crim. P. 3.131, 3.132. For non-dangerous crimes, there is a presumption of release on nonmonetary conditions. § 907.041(3)(a), Fla. Stat. For dangerous crimes, a monetary condition is required at first appearance upon the finding of probable cause. § 907.041(5)(b), Fla. Stat. In both situations, the court must consider a variety of factors to determine whether nonmonetary conditions, monetary conditions, or a combination of both will protect the community against unreasonable danger from the defendant, ensure the return of the defendant, and ensure the integrity of the judicial process. *See* § 907.041(3)(a), Fla. Stat.; § 903.046(2)(a)–(m), Fla. Stat. (listing factors); § 903.047(1)(a)–(c), Fla. Stat. (listing conditions of pretrial release). If the court determines that no conditions of release will accomplish these objectives and the statutory criteria for pretrial

2

detention are otherwise satisfied, the court must enter an order of detention supported by findings of fact and conclusions of law. *See* § 907.041(5)(k), Fla. Stat.

More to the point here, without an order of detention, the court must set reasonable conditions that will put the accused out on bail (read: release pending trial). There is a legislative expectation, consistent with the constitutional guarantee of pretrial release, that a person will not be imprisoned prior to trial without a determination by a court that there are no conditions of release that could reasonably protect the community, ensure the presence of the accused, or ensure the integrity of the judicial process.

Here, the State did not seek pretrial detention and there is no order of detention. Instead, the trial court granted the petitioner pretrial release with conditions including restrictions on travel, a prohibition on the possession of weapons or firearms, GPS monitoring, and a $500,000 bond. As to the financial condition, the undisputed evidence showed that the petitioner cannot afford that amount. The petitioner testified that he was not working prior to being arrested and does not have any income or real property. He said that he does have a "small amount of savings, about $15,000," and a small scooter, worth $1,500 at most, if sold. His parents testified that unless they sold their house, all they could contribute was $10,000. The State chose not to cross-examine the petitioner or offer contradictory evidence about his financial condition. Thus, the most we know is that the petitioner and his family can only come up with $25,000 or a $250,000 bond.[1]

While this court has previously stated that monetary bail is not per se excessive or unreasonable simply because the accused is unable to pay it, *Dyson v. Campbell*, 921 So. 2d 692, 693 (Fla. 1st

[1] Lest there be any concern that defendants have no incentive to fully disclose their financial condition in bail determination proceedings, there are consequences for a lack of candor. *See* § 903.035(3), Fla. Stat. (making it a crime to intentionally provide false or misleading material information or intentionally omit material information in connection with an application for bail or for modification of bail).

DCA 2006), there is nothing in this record to explain how the trial court reached the $500,000 amount. By ordering pretrial release, but then conditioning that release on an amount that is not even remotely close to what the petitioner can afford, the court has converted a condition of release into a jail term without the State or the court meeting their respective obligations under the pretrial detention scheme. *See Mendenhall v. Sweat*, 158 So. 280, 281–82 (Fla. 1934) ("Where a petitioner . . . is entitled to bail he is entitled to be released on bail in a reasonable amount, and in such case the amount of bail should not be fixed in so excessive an amount as to preclude the probability of an ordinary citizen in like circumstances and conditions as those of the accused being able to furnish, after taking into consideration the gravity of the charge."); *cf. Rogers v. State*, 966 So. 2d 490, 491 (Fla. 1st DCA 2007) (denying habeas petition alleging unaffordable bail because the defendant failed to present evidence to the trial court that the amount of bail was beyond his ability to meet).

In defense of the monetary bail amount, the State argues that a defendant's financial resources are only one of the factors a trial court must consider when determining what conditions of release will ensure the defendant's appearance in court and protect the public from risk of harm. *See* § 903.046, Fla. Stat.; Fla. R. Crim. P. 3.131(b)(3). I do not disagree. The statute and procedural rule set forth a comprehensive list of factors for the court to consider, and it appears that the court carefully considered those factors. Given the seriousness of the charge against the petitioner and other considerations, the court was justifiably concerned about placing the community at risk of harm through the petitioner's release. But while the court has wide discretion in fashioning appropriate conditions of release—after it makes the threshold determination to release the accused—it must stop short of imposing a requirement that simply cannot be met.[2]

---

[2] It is worth noting that monetary bail, by itself, does not protect the community from risk of harm because funds posted to satisfy such a condition will not be forfeited in the event the accused commits a new crime following release. *See* § 903.26(2)(a), Fla. Stat. (governing when and how bonds are forfeited).

The concern of trial judges about the possibility of releasing someone who is dangerous or likely to flee is understandable. It therefore bears repeating that "[i]f no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained." Art. I, § 14, Fla. Const. The process for achieving pretrial detention is clear and specific. But the pretrial detention statute cannot be circumvented through the imposition of an unachievable condition of release.

For these reasons, the petitioner is being illegally detained. I agree with the decision to order his release unless the trial court enters an order setting reasonable conditions of pretrial release or conducts further proceedings and enters an order pursuant to section 907.041(5) of the Florida Statutes.

_____

Stacy A. Scott, Public Defender, and Alexis J. Giannasoli, Assistant Public Defender, Gainesville, for Petitioner.

Ashley Moody, Attorney General, and Zachary Lawton, Assistant Attorney General, Tallahassee; Brian Stuart Kramer, State Attorney, Gainesville, for Respondent.